**IN THE CIRCUIT COURT**
**TWENTIETH JUDICIAL CIRCUIT**
**ST. CLAIR COUNTY, ILLINOIS**

DEREK CARPENTER, RAY                )
MASSEY, ROBERT BASSETT, JOHN        )
ODIN, PAUL WILLIAMS, GERRY          )   CASE NO. _____
ERVIN, ARNOLD LOPEZ, MICHAEL        )
MONTOYA, BRADLEY                    )   JURY TRIAL DEMANDED
LINDLEY, LESTER TROUPE, JAMES       )
BUCK, BOWMAN YOUNG, LARRY           )
GALVIN, SHANNON CURRY, ROBERT       )
UNION, ANTHONY BOOTH, EDWARD        )
BURKE, ALBERT BATTLE, RUBEN         )
RANGEL, ROLANDO                     )
VELEZ, ANTHONY                      )
MARSHALL, ANTHONY                   )
HICKS, ROBERT MEANS, ERIC           )
TALLEY, MICHAEL SMITH, WARREN       )
JONES, DAVID BLEVINS, LEROY         )
WILLIAMS, ROBERT                    )
KNIGHTS, EDWARD MERRITT III,        )
RAYMOND LEVERT, REGINALD            )
SHAW, MURRAY BISHOP, WILLIAM        )
RHODALL, ROGER                      )
JAEKSON, DOUGLAS                    )
BUCKMAN, TONEY                      )
HIGHTOWER, TERRON                   )
HARRIS, CLIFTON HARMON, DARRELL     )
HAYES, BRUNO MEZZA, MICHAEL         )
LEONARD, FRANK MATHIS, ROBERT       )
KAHANEK, MURL PATTON, RONALD        )
BROWN, IMAN MALIK, JOHN             )
ANDERSON, GARRETT                   )
MARTIN, MARGIE WALKER, DALE         )
LESTER, ANTHONY WALKER, DARIN       )
MCKINNEY, LADARYL                   )
CANTY, VERNON SMITH, CHARLES        )
BLAKELY, MALIK                      )
RAHMAN, LAWRENCE SMALLS, GARY       )
MUSTO, JAMES DUNCAN, CURTIS         )
NICHOLSON, WILLIAM                  )
HOSIER, EUCLIDES                    )
FERREIRA, SHELBY ANDERSON, TONY     )
TENORIO, GERALD BANKS, MALIK        )
WILLIAMS, GRADY                     )
WASHINGTON, DERIC SHAW, TONY        )
WILLIAMS, GARY BOYLE, STEPHEN       )



FILED
ST. CLAIR COUNTY
JUN 0 9 2016
Kahokah a. Clew
CIRCUIT CLERK
32

1

FOSTER, WILLIAM SMITH, HAROLD                )
BROWN, WALTER BLAND, RUDOLPH               )
VALENTINE, TIMOTHY                                        )
DANLEY, ERNEST FOWLER, TERESA             )
DUCKSWORTH, JOHNATHON                          )
REDD, MICHAEL HARRIS, FRANCIS               )
BROOKS, JOHN JACKSON, DANNY                  )
RUFFIN, PERRY DAVIS, ROBERT D.              )
JONES, HARRISON                                          )
MAGWOOD, TORIANO                                    )
THOMAS, BERGEN                                          )
HARRELL, LAURENCE                                    )
TAYLOR, WILLIAM  WILLIAMS, STEVE          )
SORACE, ERIC ROBINSON, CULLEN             )
YAW, LONNIE MATHIS, ESTEVAN                 )
GUERRERO, ANTHONY                                  )
GARRISON, PINKNEY MILES, WILLIAM        )
CARSWELL, CALVIN LEWIS, DEPRIESE        )
PERKINS, ANGELO MAZZA, TERRY             )
TOTTEN, CHUKWUEMEKA                            )
NWAOGWUGWU, ANTHONY                         )
LUMPKIN, MATTHEW ARNOLD, EDDIE       )
NEAL, RONALD DAWSON, DAMON               )
LEWIS, ERIC TUCKER, PAUL                        )
ADAMS, ANTHONY                                        )
JIGGETTS, TYRONE SCOTT                           )
HOWARD, JAMARCUS                                   )
STEWART, LONON NORWOOD, JAMIL         )
MANNING, WENDELL                                    )
GRIFFIN, ANTHONY                                      )
ROBINSON, ARTHUR WOODSON, BRET       )
PARDON, CLENTIS MOORE, KEVIN            )
PHILLIPS, DARRYL ASHLEY, MELVIN        )
DEAL, DARRILYN ELLIS, MICHAEL            )
HARTLEY, BRIAN HUNT, JAMES               )
DOBYNES, BRIAN                                         )
WOODALL, MITCHELL NIXON, CLOYD       )
ROGERS, KIRK BAKER, TERRY                  )
TRAVIS, MICHAEL VIGIL, ANTHONY        )
THOMAS, MIKE DECOSTER, JOEL             )
MCRAE, OLABAKU JONES JR., LEO           )
LEWIS, JAMES COCHRAN, LEONARD        )
HOPPER, LAGRANT STARKS, THOMAS      )
OPPENHEIM, MICHAEL MCGAHA, JIRI      )
GEORGE PRIBYLA, EDWARD                     )
ALEXANDER, MICHAEL BREWER JR.,        )
CARLOS MILANES, EUGENE                       )
ZEIGLER, ORIE DOWELL, WILLIAM          )

2

FERRELL III, MICHAEL CUTTS, PAUL                )
WILLIAMS, LEO GRIFFIN, THOMAS                   )
LYNSKEY, RONALD                                 )
BARNETT, VERNON HUNKER, SCOTT                   )
WILLETTS, JAMES E. SMITH, GLENN                 )
WATSON, CHARLES RICHIE, JAMES                   )
STOPFORD, ROBERT GRATE SR.,                     )
DENNIS PARTEE, WILLIE                           )
COLLINS, JOHNNIE KNOX, MICHAEL                  )
WILLIAMS, MICHAEL EDGE, ROGER                   )
TOTARAM, GEORGE SANDOVAL, JEFF                  )
BRIDWELL, DAN JABLONSKI, BRYAN                  )
CARTER, LUIS PEREZ, LAWRENCE                    )
DESHAZO, RONNIE LACKS, DWAYNE                   )
LAKE, KYLE ROSS, JOSEPH                         )
JAIME, BRAULIO TORRES, TERRENCE                 )
ALSTON, BYRON MITCHELL, GERALD                  )
ANDERSON, JAMES                                 )
WILLIAMS, DONALD                                )
ANDERSON, MICHAEL GARCIA, JAMES                 )
HICKLIN, STEVE HARRIS, SEAN                     )
HOPPS, JOHN LOPEZ, JULIO                        )
BARZALLO, REGINALD SCOTT, CARL                  )
WALLER, ARTHUR GRANT, MASOOD                    )
ALVI, BRANDON HURT, RICKY                       )
COOPER, MIKE TYSON, JOHN                        )
WHITE, JOSE MERCADO, FRANK HEAD                 )
III, SAJAD SHAKOOR, JOHNNY                      )
MIMMS, ANDRE HUGHES, JR., LEON                  )
BUCKNER, DONALD                                 )
HARLIN, KENNETH DAVIS III, EDDIE                )
WASHINGTON JR., LUCIAN                          )
LANDERS, REGINALD                               )
THOMAS, JEROME                                  )
STURDIVANT, ANDREW                              )
MARTIN, KEVIN DOMINO, GERALD                    )
STEWART, VINCENT                                )
LEVERETT, RODNEY GARNETT, JR.,                  )
ELROY CASEY, RANDY                              )
GATES, CURTIS RHETT, JOHNNY                     )
COOKE, CLARENCE                                 )
GREEN, MANDRILL MARTIN, VINCENT                 )
HELLENS, JOHN JOHNSON, WILLIE                   )
HUTCHINSON, CHRISTOPHER                         )
GRUNDY, NEIL HAIRSTON, JAMES                    )
BUSBY, CHARLES MAMOU, BRIAN                     )
ENGLAND, JUAN ZARATE, TONY                      )
COBBS, CHARLES AVERETT, KERELL                  )

3

IVEY, ROGER WALKER, KEVIN                    )
GORHAM, MACK                                 )
HENDERSON, STANFORD                          )
MILLER, RALPH DORTON, ANDREW                 )
FORD, GARY POTTER, BILLIE HAYES,             )
MICHAEL JOHNSON, MARCUS                      )
LINWOOD, JOHN SPRY, TONY GOULD,              )
TRACY JONES, EZRA MITCHELL,                  )
PETER MORNING,                               )
                                             )
                          Plaintiffs,        )
            v.                               )
                                             )
COMBE INCORPORATED; COMBE                    )
PRODUCTS, INC.; COMBE                        )
LABORATORIES, INC.; and                      )
COMBE INTERNATIONAL LTD                      )
                                             )
                          Defendants.        )

## COMPLAINT

Plaintiffs, by and through their undersigned counsel, bring this action against Combe Incorporated, Combe Products, Inc., Combe Laboratories, Inc., and Combe International, LTD (collectively referred to as "Defendants") and allege as follows:

## NATURE OF THE ACTION

1.      This is an action for damages suffered by each individual Plaintiff as a direct and proximate result of the Defendants' negligent and wrongful conduct in connection with the design, development, manufacture, testing, packaging, promoting, marketing, distribution, labeling, and/or sale of the hair care products and hair dyes known as Just For Men® and/or other Just For Men® branded products herein collectively referred to as Just For Men®.

2.      Just For Men® hair care products and dyes are manufactured and/or sold by Combe Incorporated, Combe Products, Inc., Combe Laboratories, Inc., and/or Combe International LTD.

3.      At all times relevant hereto, Just For Men®  was designed, developed,

4

manufactured, tested, packaged, promoted, marketed, distributed, labeled, and/or sold by the Defendants Combe Incorporated, Combe Products, Inc., Combe Laboratories, Inc., and/or Combe International LTD.

## PARTIES, JURISDICTION, AND VENUE

4.    Consistent with the Due Process Clauses of the Fifth and Fourteenth Amendments, this Court has in personam jurisdiction over the defendants because they are present in the State of Illinois such that requiring their appearance does not offend traditional notions of fair play and substantial justice.

5.    This Court has personal jurisdiction over the defendants because they have a principal place of business located in Rantoul, Illinois and Defendant Combe Laboratories, Inc. maintains a registered agent for service of process in the State of Illinois. Further, Defendants engage in a continuous and systematic course of business in this State by designing, manufacturing, testing, labeling, marketing, promoting, advertising, selling and distributing JFM throughout the State of Illinois. On information and belief, Defendants' Just For Men® hair care products and dyes are sold at hundreds of local and national retailers, including, but not limited to Wal-Mart, Target, Walgreens, CVS, Schnuck's and Dierberg's, throughout the State of Illinois. On information and belief, Defendants avail themselves of numerous advertising and promotional materials regarding their defective products specifically intended to reach consumers in Illinois, including but not limited to advertisements on local Illinois television programs, advertisements on local Illinois radio broadcasts, advertisements on billboards in Illinois, and advertisements in print publications delivered to consumers in the State of Illinois.

6.    Defendant Combe Laboratories Inc., can be served with process by serving their Illinois registered agent, CT Corporation System, 208 So. LaSalle St., Suite 814, Chicago, Illinois, 60604.

7.     This Court has personal jurisdiction over the defendants pursuant to Illinois' long-arm statute, 735 ILCS 5/2-209, because, at all relevant times, defendants, acting through their agents or apparent agents:

    a. transacted business within the State of Illinois, 735 ILCS 5/2-209(a)(1);
    b. committed a tortious act within the State of Illinois, 735 ILCS 5/2-209(a)(2)
    c. owned, used, or possessed real estate situated in the State of Illinois,   735   ILCS 5/2-209(a)(3);
    d. made or performed a contract or promise substantially connected with the State of Illinois, 735 ILCS 5/2-209(a)(7);
    e. did business in and within the State of Illinois, 735 ILCS 5/2-209(b)(4).

8.     This Court's exercise of jurisdiction over Defendants is permitted by the Illinois Constitution and the Constitution of the United States.

9.     Defendants marketed, promoted, and sold Just For Men® hair care products and dyes throughout the United States and the State of Illinois, including St. Clair County, Illinois. Accordingly, venue is proper in this Court pursuant to 735 ILCS 5/1-108 and 2-101 of the Illinois Code of Civil Procedure.

10.     Complete diversity of citizenship does not exist because multiple Plaintiffs are citizens and residents of the same state in which Defendants have located and maintain their principal place of business

11.     The amount in controversy exceeds fifty thousand dollars ($50,000.00), exclusive of interest and costs, the jurisdictional minimum of this Court.

12.     Defendant Combe Incorporated is a Delaware corporation which has its principle place of business at 1101 Westchester Ave., White Plains, New York 10604.

13.     At all times relevant hereto the Defendant Combe Incorporated was engaged in the business of designing, developing, manufacturing, testing, packaging, promoting, marketing, distributing, labeling, and/or selling Just For Men® hair care and dye products.

14.     Upon information and belief, at all relevant times, Defendant Combe Incorporated

was present and doing business in the State of Illinois.

15.    At all relevant times, Defendant Combe Incorporated, transacted, solicited, and conducted business in the States of State of Illinois and derived substantial revenue from such business.

16.    At all times relevant hereto, Defendant Combe Incorporated expected or should have expected that its acts would have consequences within the United States of America, and the State of Illinois in particular.

17.    Defendant Combe International LTD is a Delaware corporation which has its principal place of business at 1101 Westchester Ave., White Plains, New York 10604.

18.    At all times relevant hereto Defendant Combe International LTD was engaged in the business of designing, developing, manufacturing, testing, packaging, promoting, marketing, distributing, labeling, and/or selling Just For Men® hair care and dye products.

19.    Upon information and belief, at all relevant times, Defendant Combe International LTD was present and doing business in the State of Illinois.

20.    At all relevant times, Defendant Combe International LTD, transacted, solicited, and conducted business in the State of Illinois and derived substantial revenue from such business.

21.    At all times relevant hereto, Defendant Combe International LTD expected or should have expected that its acts would have consequences within the United States of America, and the State of Illinois in particular.

22.    Defendant Combe Products, Inc. is a Delaware corporation which has its principle place of business at El Duque Industrial Park Carr, 971 Calle A, Naguabo, Puerto Rico 00718.

23.    At all times relevant hereto Defendant Combe Products, Inc. was engaged in the business of designing, developing, manufacturing, testing, packaging, promoting, marketing,

7

distributing, labeling, and/or selling Just For Men® hair care and dye products.

24.     Upon information and belief, at all relevant times, Defendant Combe Products, Inc. was present and doing business in the State of Illinois.

25.     At all relevant times, Defendant Combe Products, Inc. transacted, solicited, and conducted business in the State of Illinois and derived substantial revenue from such business.

26.     At all times relevant hereto, Defendant Combe Products, Inc. expected or should have expected that its acts would have consequences within the United States of America, and the State of Illinois in particular.

27.     Defendant Combe Laboratories, Inc. is a Delaware corporation which has its principle place of business at 200 Shellhouse Dr., Rantoul, IL 61866.

28.     At all times relevant hereto, Defendant Combe Laboratories, Inc. was engaged in the business of designing, developing, manufacturing, testing, packaging, promoting, marketing, distributing, labeling, and/or selling Just For Men® hair care and dye products.

29.     Upon information and belief, at all relevant times, Defendant Combe Laboratories, Inc. was present and doing business in the State of Illinois.

30.     At all relevant times, Defendant Combe Laboratories, Inc. transacted, solicited, and conducted business in the State of Illinois and derived substantial revenue from such business.

31.     At all times relevant hereto, Defendant Combe Laboratories, Inc. expected or should have expected that its acts would have consequences within the United States of America, and the State of Illinois in particular.

32.     Defendants Combe Incorporated, Combe Products, Inc., Combe Laboratories, Inc., and Combe International LTD shall herein be collectively referred to as "Defendants."

33.     At all times relevant hereto, Pierre Sanders, William Lattrell, Derrick Westbrook,

8

George Sanford, Christopher Shaw, Jonathan Hall, Craig Lee, Stephen Lawson, John Rogers, Michael La Brier, and Ronald Bullock were residents of the State of Illinois.

## FACTUAL ALLEGATIONS

34.   Defendants developed, designed, formulated, manufactured, packaged, labeled, advertised, marketed, instructed on and warned about, distributed and sold Just For Men® hair care and dye products since at least 1987.

35.   Just For Men® is a cosmetic hair care dye intended to improve appearance and alter hair and facial hair color.

36.   Even if used as directed, Defendants failed to adequately warn against the negative effects and risks associated with this product including, but not necessarily limited to, long term usage and the cumulative effects of long term usage, all discussed elsewhere in this Complaint.

37.   Defendants knew or should have known that Just For Men® products create an unnecessary risk of burns, scarring, allergic reactions, anaphylactic shock, skin depigmentation, and other severe injuries with use including, but not limited to, prolonged and cumulative usage.

38.   In omitting, concealing, and inadequately providing critical safety information regarding the use of Just For Men® in order to induce its purchase and use, Defendants engaged in and continue to engage in conduct likely to mislead consumers including Plaintiffs. This conduct is fraudulent, unfair, and unlawful.

39.   Defendants, the self-proclaimed "champions of facial hair," knew or should have known that Just For Men® created an increased risk of injury but Defendants failed to disclose to consumers, including Plaintiffs, the risk of injury, rates of adverse reaction, and other problems known to Defendants.

40.   Defendants boast that Just For Men® products are backed by "three decades of

9

research and have delivered great results over 50 million times" despite the knowledge that thousands of consumers a year are severely and permanently injured by their Just For Men® products. Further, this statement is inaccurate, misleading, and not supported by any scientific facts or knowledge.

41.     Defendants knew or should have known that the chemicals in their Just For Men® products, including, but not limited to, p-Phenylenediamine (herein "PPD"), are associated with health risks yet, Defendants did not adequately warn consumers, including Plaintiffs.

42.     Just For Men® is permanent hair coloring which utilizes oxidation in the dying process.

43.     The EPA lists several links between PPD and several acute and chronic injuries including but not limited to:

     a.  Severe dermatitis;

     b.  Renal failure;

     c.  Acute Contact Dermatitis;

     d.  Vitiligo;

     e.  Convulsions and comas; and

     f.  Eczematoid contact dermatitis;

44.     Defendants fail to warn about several of the conditions listed in the preceding paragraph. To the extent there is any warning as to the conditions listed above, that warning is inadequate and improperly downplays the substantial risk posed by the product.

45.     A 2006 article published in the Journal of Toxicology and Environmental Health found a link in at least one study between hair dyes and certain cancers including bladder cancer, non-Hodgkin's lymphoma, and blood cancers such as myeloma and leukemia.

46.     In 2006, PPD was named allergen of the year by the American Contact Dermatitis

Society.

47.     PPD is one of five substances listed as a "strong sensitizer" by the Consumer Product Safety Commission.

48.     As defined by 16 CFR 1500.13, "strong sensitizer" substances have a significant potential for causing hypersensitivity.

49.     Throughout Europe PPD is widely known as an "extreme sensitizer."

50.     Defendants place no restrictions concerning cumulative or repeated use of their products or PPD on their packaging despite the known risks of repeated exposure to their products and PPD.

51.     Defendants knew or should have known that more than 5% of the population will have an adverse reaction to PPD, yet, Defendants concealed and withheld this information from the public.

52.     PPD has been linked to severe and sudden allergic reactions including serious skin irritation, anaphylaxis and even death.

53.     Defendants do not properly warn consumers on their product labels, inserts, or marketing materials that PPD in Just For Men® Products can cause anaphylaxis and death.

54.     Defendants knew or should have known about the increased risk created by cumulative use, but Defendants failed to put instructions or warnings related to such use or the number of times a person could use their Just For Men® products safely.

55.     Although, consistent with 21 U.S.C. 361(a), Defendants instruct users to conduct a preliminary test to help determine whether a user will have an adverse reaction to Defendants' product, the preliminary test Defendants recommend and the directions and instructions for its administration are inadequate.

56.     Defendants recommend a self-applied "skin patch test" on a consumer's arm prior

11

to use. Defendants recommend this test despite knowing that facial skin is more sensitive and may react differently than the arm or other parts of the body. Defendants provide no guidelines on how to test their Just For Men® products on a consumer's face prior to use.

57.     Defendants knew or should have known that their skin patch test is an inadequate method to determine if a user will have an adverse reaction to PPD.

58.     The universal standard for identifying skin allergies, including acute contact dermatitis to PPD, is the patch test which is administered and monitored by a dermatologist or similar trained medical professional over 7-10 days.

59.     During a patch test, a trained medical professional places small quantities of known allergens on the patient's back. The test areas are then covered with special hypoallergenic adhesive tape so the patches stay in place undisturbed for 48 hours.

60.     Generally, a patch test administered by a medical professional requires two to three appointments so that the reactions can be carefully monitored by the dermatologist.

61.     Despite the knowledge that more accurate patch tests conducted by trained medical professionals are done over the course of several days or even weeks, Defendants wrongly and negligently fail to advise Just For Men ® consumers of the benefits of having a patch test done by a medical professional.

62.     In December 2007, the European Commission Scientific Committee on Consumer Products released an Opinion titled "Sensitivity to Hair Dyes – Consumer Self Testing." The Committee concluded that at home skin tests, given for the purpose of providing an indication as to whether an individual consumer may or may not have a contact allergy to hair dye chemicals, were unreliable. The committee specifically found that:

        a.   Self-Testing leads to misleading and false-negative results thus giving individuals who are allergic to hair dye substances the false impression that they are not

allergic and not at risk of developing an allergic reaction by dyeing their hair;

b. There is a potential risk that "self-tests" result in induction of skin sensitization to hair dye substances;

c. The self-test recommendations were not standardized and uncontrolled allowing for large variations in dose, number of applications, and duration of exposure;

d. False negative results from self-testing are considered to be the largest problem;

e. 48 hours known to be too short as patch test reactions may develop up to seven days after application;

f. Self-test locations on the arm or behind the ear are not reliable, while patch testing done on the back is good for reproducibility; and

g. Self-tests are not performed or observed by trained observers.

63. Defendants do not warn or disclose that self-testing, such as the test recommended by Defendants, is not as effective or reliable as a doctor performed test as described elsewhere in this Complaint.

64. Nowhere on their product packaging or inserts, webpage, or marketing materials do Defendants recommend that consumers undergo a patch test with a dermatologist before using Just For Men® products.

65. Defendants advise that a consumer "not wash, cover, or disturb the test area for 48 hours." The burden to comply with Defendants' version of an allergy test is too high and essentially unfeasible. The risk of accidental contamination renders the "test" useless.

66. For example, during Defendants' version of an allergy test, for two days, Consumers are unrealistically expected to:

a. Not shower;

b. Not wear long sleeve shirts;

13

  c. Not accidently rub against anything;

  d. Not sweat; and

  e. Not close the elbow.

  67. Defendants knew or should have known that a percentage of consumers would have an allergic reaction to their products but fail to advise consumers to undergo proper allergy testing before using their products.

  68. Despite knowing that a certain percentage of the population would have an allergic reaction to their products, Defendants failed to warn or disclose such rates of reaction to consumers and the public in general.

  69. Defendants knew or should have known that their recommended skin patch test is inadequate to accurately identify potential reactions to their products.

  70. Defendants, knew or should have known that their test was not adequate because:

  a. The instructions and directions for use did not disclose that Defendants' at-home test was not a substitute for a patch-test administered or monitored by a trained medical professional and that more accurate results could be obtained by a test administered by a trained medical professional;

  b. The risk that the test would be performed in the wrong area;

  c. The risk that the amount of product used would be wrong;

  d. The arm is not the appropriate location for a skin allergy test;

  e. The risk of false negatives or false positives is high;

  f. The area that is tested is not covered or protected during the test; and

  g. The risk that the product would be disturbed by clothing or daily activities is high.

  71. Consumers, including Plaintiffs, detrimentally relied on Defendants' instructions and patch test.

72.     Defendants knew or should have known that it is highly unlikely that a consumer would be able to perform Defendants' version of the patch test properly and obtain reliable results.

73.     In addition, Defendants know or should have known that sensitization to PPD during a skin patch test is likely to occur in a certain percentage of the population.

74.     When sensitization occurs during a patch test, the consumer will have a late reaction to the PPD more than 48 hours, or not at all, after exposure rendering Defendants testing procedure useless.

75.     Due to sensitization during a patch test, it is possible for consumers to have a negative skin patch test result and still have a severe reaction to Defendants' products including but not limited to Just For Men®.

76.     Despite this, Defendants do not warn or disclose the risks of sensitization during a skin patch test.

77.     Defendants' provide inadequate instructions on how to combine the Color Base and Color Developer before application. Defendants use ambiguous words such as "small" and "equal" parts but provide no tools or methods to measure the actual amount of each chemical or to ensure that equal amounts are being applied.

78.     Defendants provide no instructions on what is meant by a "small" amount of chemicals leaving the consumer to guess at the proper testing procedure.

79.     Without precise measuring tools, it is impossible to determine if "equal" amounts of each chemical are being mixed for application.

80.     Even if the product's patch test was adequate and reliable, which it is not, the vague, ambiguous, and inadequate instructions for its use render the test inadequate at best and useless at worst.

81.     Defendants fail to warn or disclose the probability that a user will have an adverse reaction to Just For Men®.

82.     Defendants spend millions of dollars to advertise nationally via television and internet, but do not warn about any adverse reactions on their website or their television commercials.

83.     Defendants do not have any information about adverse reactions or any warning or precautions in their FAQ section on their website. In fact, their website is completely devoid of safety information or information related to adverse reactions regarding their Just For Men® products.

84.     There are safer and cheaper alternatives to PPD available to Defendants for use in Just For Men® products. However, despite the known risks of PPD, Defendants continue to use PPD in their products.

85.     Safer known alternatives include but are not limited to:

a.   Henna based hair dyes;

b.   Para-toluenediamine sulfate hair dyes; and

c.   Other semi-permanent dyes.

86.     These safer alternatives greatly decrease or even eliminate the risk of adverse reactions caused by PPD containing products as discussed in this Complaint. Furthermore, these alternative formulations also achieve the desired result of dying and/or coloring an individual's hair.

87.     Defendants fail to warn about or disclose the true nature and extent of the risk of serious adverse reactions posed by Just For Men® products in the general population of users or consumers.

88.     Defendants also fail to warn or disclose that certain colors of Just For Men®

products contain an increased amount of PPD posing a greater risk of an adverse reaction for consumers who use those particular colors.

89.     Furthermore, Defendants fail to warn or disclose that African American consumers are at an even higher risk of an acute reaction to PPD than those of Caucasian decent.

90.     Indeed, in 2001 a study performed by the Cleveland Clinic concluded that the sensitization rate of PPD in African American users overall (men and women) was 10.6% versus 4.5% in Caucasians. The study further concluded that the sensitization rate of PPD in African American men in particular was 21.2% compared to 4.2% in Caucasians.

91.     Just For Men® has an unacceptable and unreasonable rate of adverse reaction as to the general population, which unacceptable and unreasonable rate of adverse reaction is even higher in certain population groups, such as African American men.

92.     Despite knowing that the overall population of consumers were already at an increased risk of experiencing an adverse reaction to PPD, and that African American men in particular were five times as likely to experience an adverse reaction to PPD, Defendants aggressively targeted the African American community in their marketing and advertising.

93.     In addition, other scientific studies have found increased sensitization rates to predominately dark-haired populations including 11.5% in India and 15.2% in Spain.

94.     In fact, PPD is now known as one of, if not the most, common allergens in the African American population, even rivaling nickel which is the leading cause of Allergic Contact Dermatitis ("ACD") in the world.

95.     Defendants knew or should have known that consumers were at a greater risk of experiencing an adverse reaction while using PPD compared to other hair dye products, and Defendants knew or should have known that consumers with darker hair, including but not limited to African Americans, were at an even greater risk of experiencing an adverse reaction to

PPD.

96.     Despite this knowledge, Defendants failed to warn or disclose to their consumers that they were exposed to a significantly increased risk of suffering an adverse reaction.

97.     Defendants also knew or should have known that there is a substantial likelihood of serious bodily injury when using Just For Men® because it contains PPD. However, Defendants failed to warn or disclose this to consumers and the public in general.

98.     Instead, Defendants represented that their product was safe and effective when used as directed even though Defendants knew or should have known that their 48 hour allergy test was flawed and ineffective.

99.     Defendants also failed to warn or disclose to consumers and the public in general that African Americans are more than two times as likely to have a severe reaction to their products as other consumers, and that African-American men are four to five times more likely to have such a reaction.

100.    Defendants' warning label for Just For Men® inadequately addresses and warns of potential adverse health risk associated with the use of the product, as set forth in this Complaint. Even when such risks are mentioned, they are minimized and downplayed, further reducing the utility, if any, of the products' warnings.

101.    Defendants actively marketed Just For Men® to consumers knowing that it would cause serious and severe reactions to consumers and failed to warn or disclose this fact to consumers and the public in general.

102.    Defendants have an internal claims process in place to obtain liability releases and compensate consumers who are injured by Just For Men® products.

103.    Defendants' claim process is in place to cover up any problems associated with their Just For Men® products and prevent consumers who are injured from taking legal action.

104.     Plaintiffs are unaware of a single clinical trial or study performed by Defendants related to the injury rate and/or safety of any of their Just For Men® products.

105.     Defendants have a duty to monitor the safety of their products and it is reasonable for them to conduct multiple clinical trials and/or studies related to the safety of their Just For Men® products; however, they have failed to do so.

106.     Defendants knew or should have known of the high number of adverse reactions and injuries related to their Just For Men® products from a multitude of sources, including but not limited to their internal claims process, making their failure to conduct any studies or clinical trials particularly egregious.

## PLAINTIFFS' USE OF JUST FOR MEN

107.     Plaintiff, Derek Carpenter, is and was at all times alleged herein a citizen of the State of Illinois and currently resides at 1328 N 44th Street, Apt 45D, East Saint Louis, Illinois 62204 and brings this action in his individual capacity.

108.     Plaintiff Derek Carpenter purchased Just For Men® in or about January 2016. Plaintiff Derek Carpenter applied Just For Men® as directed in or about January 2016. In or about January 2016, Plaintiff Derek Carpenter suffered a severe reaction to Just For Men® including but not limited to redness, stinging, and irritation.

109.     Plaintiff, Ray Massey, is and was at all times alleged herein a citizen of the State of Texas and currently resides at 2444 Chesterwood Dr., Little Elm, TX  75068 and brings this action in his individual capacity.

110.     Plaintiff Ray Massey purchased Just For Men® in or about July 2015. Plaintiff Ray Massey applied Just For Men® as directed in or about July 2015. In or about July 2015, Plaintiff Ray Massey suffered a severe reaction to Just For Men® including but not limited to redness, irritation, oozing, weeping, sores, blisters, burning, and permanent skin discoloration.

As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

111.    Plaintiff, Robert Bassett, is and was at all times alleged herein a citizen of the State of Illinois and currently resides at 553 E. 88th Place, Chicago, IL 60619 and brings this action in his individual capacity.

112.    Plaintiff Robert Bassett purchased Just For Men® in or about July 2014. Plaintiff Robert Bassett applied Just For Men® as directed in or about July 2014. In or about July 2014, Plaintiff Robert Bassett suffered a severe reaction to Just For Men® including but not limited to redness, irritation, swelling, oozing, weeping, sores, blisters, burning, contact dermatitis, and permanent scarring. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

113.    Plaintiff, John Odin, is and was at all times alleged herein a citizen of the State of Nevada and currently resides at PO Box 33724, Reno, NV 89533 and brings this action in his individual capacity.

114.    Plaintiff John Odin purchased Just For Men® in or about July 2014. Plaintiff John Odin applied Just For Men® as directed in or about July 2014. In or about August 2014, Plaintiff John Odin suffered a severe reaction to Just For Men® including but not limited to redness, irritation, swelling, oozing, weeping, sores, blisters, burning, and anaphylactic shock. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

115.    Plaintiff, Paul Williams, is and was at all times alleged herein a citizen of the State of California and currently resides at PO Box 1382, Oakland, CA 94604 and brings this action in his individual capacity.

116.    Plaintiff Paul Williams purchased Just For Men® in or about March 2016. Plaintiff Paul Williams applied Just For Men® as directed in or about March 2016. In or about

March 2016, Plaintiff Paul Williams suffered a severe reaction to Just For Men® including but not limited to redness, irritation, swelling, oozing, weeping, sores, blisters, burning, and permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

117.    Plaintiff, Gerry Ervin, is and was at all times alleged herein a citizen of the State of South Carolina and currently resides at 580 Clairenda St., Rock Hill, SC  29730 and brings this action in his individual capacity.

118.    Plaintiff Gerry Ervin purchased Just For Men® in or about December 2015. Plaintiff Gerry Ervin applied Just For Men® as directed in or about December 2015. In or about December 2015, Plaintiff Gerry Ervin suffered a severe reaction to Just For Men® including but not limited to redness, swelling, irritation, oozing, weeping, sores, blisters, and burning. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

119.    Plaintiff, Arnold Lopez, is and was at all times alleged herein a citizen of the State of Texas and currently resides at 3417 Curley Maple Drive, Pearland, TX  77584 and brings this action in his individual capacity.

120.    Plaintiff Arnold Lopez purchased Just For Men® in or about August 2015. Plaintiff Arnold Lopez applied Just For Men® as directed in or about August 2015. In or about August 2015, Plaintiff Arnold Lopez suffered a severe reaction to Just For Men® including but not limited to redness, irritation, swelling, sores, and burning.

121.    Plaintiff, Michael Montoya, is and was at all times alleged herein a citizen of the State of California and currently resides at 105 Calle De Felicidad, Rancho Santa Margarita, CA 92688 and brings this action in his individual capacity.

122.    Plaintiff Michael Montoya purchased Just For Men® in or about August 2015. Plaintiff Michael Montoya applied Just For Men® as directed in or about August 2015. In or

about August 2015, Plaintiff Michael Montoya suffered a severe reaction to Just For Men®
including but not limited to redness, irritation, swelling, oozing, weeping, sores, blisters, burning,
and permanent skin discoloration and scarring. As a result of injuries sustained after applying
Just For Men®, Plaintiff obtained medical treatment.

123.    Plaintiff, Brad Lindley, is and was at all times alleged herein a citizen of the State
of Iowa and currently resides at 2101 Washington Ave SE, Cedar Rapids, IA 52403 and brings
this action in his individual capacity.

124.    Plaintiff Brad Lindley purchased Just For Men® in or about December 2015.
Plaintiff Brad Lindley applied Just For Men® as directed in or about December 2015. In or about
December 2015, Plaintiff Brad Lindley suffered a severe reaction to Just For Men® including but
not limited to redness, irritation, oozing, weeping, sores, blisters, burning, and permanent skin
discoloration and scarring.

125.    Plaintiff, Lester Troupe, is and was at all times alleged herein a citizen of the
State of New Jersey and currently resides at 173 Nebraska Ave, Hamilton NJ 08619 and brings
this action in his individual capacity.

126.    Plaintiff Lester Troupe purchased Just For Men® in or about August 2015.
Plaintiff Lester Troupe applied Just For Men® as directed in or about August 2015. In or about
August 2015, Plaintiff Lester Troupe suffered a severe reaction to Just For Men® including but
not limited to irritation, oozing, weeping, sores, blisters, burning, and permanent skin
discoloration.

127.    Plaintiff, James Buck, is and was at all times alleged herein a citizen of the State
of North Carolina and currently resides at 3408 Evans St., Greenville, NC  27834 and brings this
action in his individual capacity.

128.     Plaintiff James Buck purchased Just For Men® in or about August 2014. Plaintiff James Buck applied Just For Men® as directed in or about August 2014. In or about August 2014, Plaintiff James Buck suffered a severe reaction to Just For Men® including but not limited to redness, irritation, swelling, oozing, weeping, sores, blisters, burning, and permanent skin discoloration and scarring. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

129.     Plaintiff, Bowman Young, is and was at all times alleged herein a citizen of the State of Oklahoma and currently resides at 3221 Cashion Place, Oklahoma City, OK  73112 and brings this action in his individual capacity.

130.     Plaintiff Bowman Young purchased Just For Men® in or about December 2015. Plaintiff Bowman Young applied Just For Men® as directed in or about December 2015. In or about January 2016, Plaintiff Bowman Young suffered a severe reaction to Just For Men® including but not limited to redness, irritation, swelling, stinging, sores, blisters, burning, and permanent skin discoloration and scarring. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

131.     Plaintiff, Larry Galvin, is and was at all times alleged herein a citizen of the State of Michigan and currently resides at 1320 Aims St., Saginaw, MI 48602 and brings this action in his individual capacity.

132.     Plaintiff Larry Galvin purchased Just For Men® in or about August 2014. Plaintiff Larry Galvin applied Just For Men® as directed in or about August 2014. In or about August 2014, Plaintiff Larry Galvin suffered a severe reaction to Just For Men® including but not limited to redness, irritation, swelling, stinging, sores, blisters, burning. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

133.     Plaintiff, Shannon Curry, is and was at all times alleged herein a citizen of the State of Alabama and currently resides at 102 W Daniel Dr., Monroeville, AL 36460 and brings this action in his individual capacity.

134.     Plaintiff Shannon Curry purchased Just For Men® in or about August 2015. Plaintiff Shannon Curry applied Just For Men® as directed in or about August 2015. In or about August 2015, Plaintiff Shannon Curry suffered a severe reaction to Just For Men® including but not limited to irritation, sores, and chemical burning. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

135.     Plaintiff, Robert Union, is and was at all times alleged herein a citizen of the State of Ohio and currently resides at 5555 Howth Place, Canal Winchester, OH 43110 and brings this action in his individual capacity.

136.     Plaintiff Robert Union purchased Just For Men® in or about August 2015. Plaintiff Robert Union applied Just For Men® as directed in or about August 2015. In or about September 2015, Plaintiff Robert Union suffered a severe reaction to Just For Men® including but not limited to redness, irritation, stinging, sores, blisters, burning, and permanent skin discoloration and scarring.

137.     Plaintiff, Anthony Booth, is and was at all times alleged herein a citizen of the State of Virginia and currently resides at 3851 Ridge Rd., Heathsville, VA 22473 and brings this action in his individual capacity.

138.     Plaintiff Anthony Booth purchased Just For Men® in or about August 2015. Plaintiff Anthony Booth applied Just For Men® as directed in or about August 2015. In or about August 2015, Plaintiff Anthony Booth suffered a severe reaction to Just For Men® including but not limited to redness, irritation, sores, rashes, burning, and permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

139.    Plaintiff, Edward Burke, is and was at all times alleged herein a citizen of the State of Pennsylvania and currently resides at 1498 Grindstone Rd., Grindstone, PA 15442 and brings this action in his individual capacity.

140.    Plaintiff Edward Burke purchased Just For Men® in or about August 2015. Plaintiff Edward Burke applied Just For Men® as directed in or about August 2015. In or about August 2015, Plaintiff Edward Burke suffered a severe reaction to Just For Men® including but not limited to redness, irritation, oozing, weeping, sores, blisters, and burning.

141.    Plaintiff, Albert Battle, is and was at all times alleged herein a citizen of the State of North Carolina and currently resides at PO Box 511, Pinetops, NC 27864 and brings this action in his individual capacity.

142.    Plaintiff Albert Battle purchased Just For Men® in or about August 2014. Plaintiff Albert Battle applied Just For Men® as directed in or about August 2014. In or about August 2014, Plaintiff Albert Battle suffered a severe reaction to Just For Men® including but not limited to redness, swelling, irritation, oozing, weeping, and burning. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

143.    Plaintiff, Ruben Rangel, is and was at all times alleged herein a citizen of the State of Texas and currently resides at 903 S. Houston St., Aransas Pass, TX 78335 and brings this action in his individual capacity.

144.    Plaintiff Ruben Rangel purchased Just For Men® in or about August 2015. Plaintiff Ruben Rangel applied Just For Men® as directed in or about August 2015. In or about August 2015, Plaintiff Ruben Rangel suffered a severe reaction to Just For Men® including but not limited to redness, irritation, swelling, sores, blisters, and permanent skin discoloration and scarring. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

25

145.    Plaintiff, Rolando Velez, is and was at all times alleged herein a citizen of the State of New Jersey and currently resides at 590 62nd St., Apt. 4A, West New York, NJ 07093 and brings this action in his individual capacity.

146.    Plaintiff Rolando Velez purchased Just For Men® in or about September 2015. Plaintiff Rolando Velez applied Just For Men® as directed in or about September 2015. In or about September 2015, Plaintiff Rolando Velez suffered a severe reaction to Just For Men® including but not limited to redness, irritation, sores, blisters, burning, and permanent scarring. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

147.    Plaintiff, Anthony Marshall, is and was at all times alleged herein a citizen of the State of Georgia and currently resides at 109 Stone Gate Way SE, Mableton, GA 30126 and brings this action in his individual capacity. However, Plaintiff Anthony Marshall's reaction to Just For Men® occurred in the State of California.

148.    Plaintiff Anthony Marshall purchased Just For Men® in or about August 2015. Plaintiff Anthony Marshall applied Just For Men® as directed in or about August 2015. In or about August 2015, Plaintiff Anthony Marshall suffered a severe reaction to Just For Men® including but not limited to redness, irritation, swelling, sores, blisters, and burning. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

149.    Plaintiff, Anthony Hicks, is and was at all times alleged herein a citizen of the State of Texas and currently resides at 1547 Fordham, Dallas, TX  75216 and brings this action in his individual capacity.

150.    Plaintiff Anthony Hicks purchased Just For Men® in or about August 2015. Plaintiff Anthony Hicks applied Just For Men® as directed in or about August 2015. In or about August 2015, Plaintiff Anthony Hicks suffered a severe reaction to Just For Men® including but

not limited to redness, irritation, severe swelling, blisters, and burning. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

151.    Plaintiff, Robert Means, is and was at all times alleged herein a citizen of the State of Illinois and currently resides at 1202 75th St., Apt 179, Downers Grove, IL 60516 and brings this action in his individual capacity.

152.    Plaintiff Robert Means purchased Just For Men® in or about August 2015. Plaintiff Robert Means applied Just For Men® as directed in or about August 2015. In or about August 2015, Plaintiff Robert Means suffered a severe reaction to Just For Men® including but not limited to redness, irritation, swelling, and chemical burning. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

153.    Plaintiff, Eric Talley, is and was at all times alleged herein a citizen of the State of Ohio and currently resides at 1441 E. 176th St., Cleveland, OH 44110 and brings this action in his individual capacity.

154.    Plaintiff Eric Talley purchased Just For Men® in or about August 2015. Plaintiff Eric Talley applied Just For Men® as directed in or about August 2015. In or about August 2015, Plaintiff Eric Talley suffered a severe reaction to Just For Men® including but not limited to redness, irritation, weeping, sores, blisters, burning, and permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

155.    Plaintiff, Michael Smith, is and was at all times alleged herein a citizen of the State of Georgia and currently resides at 329 Westend Ave, Ashburn, GA 31714 and brings this action in his individual capacity.

156.    Plaintiff Michael Smith purchased Just For Men® in or about August 2015. Plaintiff Michael Smith applied Just For Men® as directed in or about August 2015. In or about August 2015, Plaintiff Michael Smith suffered a severe reaction to Just For Men® including but

27

not limited to redness, irritation, swelling, weeping, sores, blisters, burning, and permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

157.     Plaintiff, Warren Jones, is and was at all times alleged herein a citizen of the State of Illinois and currently resides at 3140 W. 85th St, Chicago, IL  60652 and brings this action in his individual capacity.

158.     Plaintiff Warren Jones purchased Just For Men® in or about August 2015. Plaintiff Warren Jones applied Just For Men® as directed in or about August 2015. In or about August 2015, Plaintiff Warren Jones suffered a severe reaction to Just For Men® including but not limited to redness, irritation, rashes, sores, and chemical burning. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

159.     Plaintiff, David Blevins, is and was at all times alleged herein a citizen of the State of Ohio and currently resides at 5518 Davies Place, Cincinnati, OH  45227 and brings this action in his individual capacity.

160.     Plaintiff David Blevins purchased Just For Men® in or about August 2015. Plaintiff David Blevins applied Just For Men® as directed in or about August 2015. In or about August 2015, Plaintiff David Blevins suffered a severe reaction to Just For Men® including but not limited to redness, irritation, swelling, sores, blisters, burning, and permanent skin discoloration and scarring. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

161.     Plaintiff, Leroy Williams, is and was at all times alleged herein a citizen of the State of Michigan and currently resides at 13050 Longview St., Detroit, MI  48213 and brings this action in his individual capacity.

162.    Plaintiff Leroy Williams purchased Just For Men® in or about August 2014. Plaintiff Leroy Williams applied Just For Men® as directed in or about August 2014. In or about August 2014, Plaintiff Leroy Williams suffered a severe reaction to Just For Men® including but not limited to redness, irritation, swelling, oozing, sores, blisters, chemical burning and permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

163.    Plaintiff, Robert Knights, is and was at all times alleged herein a citizen of the State of Georgia and currently resides at 680 S. Indian Creek Dr., Stone Mountain, GA  30083 and brings this action in his individual capacity.

164.    Plaintiff Robert Knights purchased Just For Men® in or about August 2015. Plaintiff Robert Knights applied Just For Men® as directed in or about August 2015. In or about August 2015, Plaintiff Robert Knights suffered a severe reaction to Just For Men® including but not limited to redness, irritation, oozing, weeping, sores, blisters, and swelling. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

165.    Plaintiff, Edward Merritt III, is and was at all times alleged herein a citizen of the State of Nevada and currently resides at 3813 El Jardin, Las Vegas, NV  89102 and brings this action in his individual capacity.

166.    Plaintiff Edward Merritt III, purchased Just For Men® in or about August 2015. Plaintiff Edward Merritt III applied Just For Men® as directed in or about August 2015. In or about August 2015, Plaintiff Edward Merritt III suffered a severe reaction to Just For Men® including but not limited to redness, irritation, oozing, weeping, sores, blisters, burning, and permanent skin discoloration.

167.    Plaintiff, Raymond Levert, is and was at all times alleged herein a citizen of the State of Ohio and currently resides at 5283 West 150th St., Brook Park, OH 44142 and brings this action in his individual capacity.

168.    Plaintiff Raymond Levert purchased Just For Men® in or about July 2015. Plaintiff Raymond Levert applied Just For Men® as directed in or about July 2015. In or about September 2015, Plaintiff Raymond Levert suffered a severe reaction to Just For Men® including but not limited to redness, irritation, swelling, weeping, sores, blisters, and burning. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

169.    Plaintiff, Reginald Shaw, is and was at all times alleged herein a citizen of the State of Ohio and currently resides at 851 Yale Rd., Mansfield, OH 44907 and brings this action in his individual capacity.

170.    Plaintiff Reginald Shaw purchased Just For Men® in or about August 2015. Plaintiff Reginald Shaw applied Just For Men® as directed in or about August 2015. In or about August 2015, Plaintiff Reginald Shaw suffered a severe reaction to Just For Men® including but not limited to rashes, irritation, oozing, weeping, sores, blisters, and burning. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

171.    Plaintiff, Murray Bishop, is and was at all times alleged herein a citizen of the State of Indiana and currently resides at 2042 Beverly Place, South Bend, IN 46616 and brings this action in his individual capacity.

172.    Plaintiff Murray Bishop purchased Just For Men® in or about January 2016. Plaintiff Murray Bishop applied Just For Men® as directed in or about January 2016. In or about January 2016, Plaintiff Murray Bishop suffered a severe reaction to Just For Men® including but not limited to redness, irritation, oozing, weeping, sores, blisters, burning, and permanent skin

discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

173.    Plaintiff, William Rhodall, is and was at all times alleged herein a citizen of the State of Virginia and currently resides at 124 St. Stephens Dr., Newport News, VA  23602 and brings this action in his individual capacity.

174.    Plaintiff William Rhodall purchased Just For Men® in or about August 2015. Plaintiff William Rhodall applied Just For Men® as directed in or about August 2015. In or about August 2015, Plaintiff William Rhodall suffered a severe reaction to Just For Men® including but not limited to redness, irritation, sores, blisters, burning, scaring and permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

175.    Plaintiff, Roger Jaekson, is and was at all times alleged herein a citizen of the State of Mississippi and currently resides at 303 S. McArthur Cir., Indianola, MS  38751 and brings this action in his individual capacity.

176.    Plaintiff Roger Jaekson purchased Just For Men® in or about May 2015. Plaintiff Roger Jaekson applied Just For Men® as directed in or about May 2015. In or about May 2015, Plaintiff Roger Jaekson suffered a severe reaction to Just For Men® including but not limited to redness, irritation, swelling, and burning rashes. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

177.    Plaintiff, Douglas Buckman, is and was at all times alleged herein a citizen of the State of New Jersey and currently resides at 691 State Street, Perth Amboy, NJ  08861 and brings this action in his individual capacity.

178.    Plaintiff Douglas Buckman purchased Just For Men® in or about August 2015. Plaintiff Douglas Buckman applied Just For Men® as directed in or about August 2015. In or

about August 2015, Plaintiff Douglas Buckman suffered a severe reaction to Just For Men®including but not limited to redness, swelling, stinging, irritation, oozing, weeping. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

179.    Plaintiff, Toney Hightower, is and was at all times alleged herein a citizen of the State of Georgia and currently resides at 2405 Elsberry Loop, Apt 218, Decatur, GA  30034 and brings this action in his individual capacity.

180.    Plaintiff Toney Hightower purchased Just For Men® in or about September 2015. Plaintiff Toney Hightower applied Just For Men® as directed in or about September 2015. In or about February 2016, Plaintiff Toney Hightower suffered a severe reaction to Just For Men® including but not limited to irritation, swelling, stinging, oozing, weeping, sores, blisters, burning, scaring and permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

181.    Plaintiff, Terron Harris, is and was at all times alleged herein a citizen of the State of Louisiana and currently resides at 1002 Greenwood Rd., Mooringsport, LA  71060 and brings this action in his individual capacity. However, Plaintiff Terron Harris' reaction to Just For Men® occurred in the State of Texas.

182.    Plaintiff Terron Harris purchased Just For Men® in or about August 2015. Plaintiff Terron Harris applied Just For Men® as directed in or about August 2015. In or about August 2015, Plaintiff Terron Harris suffered a severe reaction to Just For Men® including but not limited to redness, irritation, swelling, sores, burning rashes, and permanent hair loss. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

183.    Plaintiff, Clifton Harmon, is and was at all times alleged herein a citizen of the State of Texas and currently resides at 210 Fairdale St., Trinity, TX  75862 and brings this action in his individual capacity.

32

184.    Plaintiff Clifton Harmon purchased Just For Men® in or about August 2015. Plaintiff Clifton Harmon applied Just For Men® as directed in or about August 2015. In or about August 2015, Plaintiff Clifton Harmon suffered a severe reaction to Just For Men® including but not limited to redness, swelling, irritation, oozing, weeping, sores, blisters, and burning rashes. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

185.    Plaintiff, Darrell Hayes, is and was at all times alleged herein a citizen of the State of Indiana and currently resides at 2150 Emmersson Knoll Pl., Apt. 3, Indianapolis, IN 46218 and brings this action in his individual capacity.

186.    Plaintiff Darrell Hayes purchased Just For Men® in or about October 2015. Plaintiff Darrell Hayes applied Just For Men® as directed in or about October 2015. In or about October 2015, Plaintiff Darrell Hayes suffered a severe reaction to Just For Men® including but not limited to redness, irritation, oozing, weeping, sores, blisters, burning, and permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

187.    Plaintiff, Bruno Mezza, is and was at all times alleged herein a citizen of the State of Texas and currently resides at 310 Waverly Dr., Corpus Christi, TX 78412 and brings this action in his individual capacity.

188.    Plaintiff Bruno Mezza purchased Just For Men® in or about August 2015. Plaintiff Bruno Mezza applied Just For Men® as directed in or about August 2015. In or about August 2015, Plaintiff Bruno Mezza suffered a severe reaction to Just For Men® including but not limited to redness, swelling, irritation, burning, and permanent scarring. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

189.     Plaintiff, Michael Leonard, is and was at all times alleged herein a citizen of the State of Illinois and currently resides at 521 E. 161st Pl., South Holland, IL  60473 and brings this action in his individual capacity.

190.     Plaintiff Michael Leonard purchased Just For Men® in or about August 2015. Plaintiff Michael Leonard applied Just For Men® as directed in or about August 2015. In or about August 2015, Plaintiff Michael Leonard suffered a severe reaction to Just For Men® including but not limited to irritation, swelling, oozing, weeping, sores, blisters, burning rashes, and permanent scarring. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

191.     Plaintiff, Frank Mathis, is and was at all times alleged herein a citizen of the State of Texas and currently resides at 415 Martin Luther King Jr. Dr., La Marque, TX 77568 and brings this action in his individual capacity.

192.     Plaintiff Frank Mathis purchased Just For Men® in or about March 2016. Plaintiff Frank Mathis applied Just For Men® as directed in or about March 2016. In or about March 2016, Plaintiff Frank Mathis suffered a severe reaction to Just For Men® including but not limited to redness, swelling, itching, rash, stinging, irritation, oozing/weeping, sore/blisters, burning, permanent scarring, infection, and contact dermatitis. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

193.     Plaintiff, Robert Kahanek, is and was at all times alleged herein a citizen of the State of Oklahoma and currently resides at 6600 E. 390th, Apt. 53, Oologah, OK  74053 and brings this action in his individual capacity.

194.     Plaintiff Robert Kahanek purchased Just For Men® in or about August 2015. Plaintiff Robert Kahanek applied Just For Men® as directed in or about August 2015. In or about August 2015, Plaintiff Robert Kahanek suffered a severe reaction to Just For Men® including but

not limited to redness, irritation, oozing, weeping, sores, blisters, burning, and permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

195.     Plaintiff, Murl Patton, is and was at all times alleged herein a citizen of the State of Missouri and currently resides at 11500 Palmer St., Kansas City, MO  64134 and brings this action in his individual capacity.

196.     Plaintiff Murl Patton purchased Just For Men® in or about August 2015. Plaintiff Murl Patton applied Just For Men® as directed in or about August 2015. In or about August 2015, Plaintiff Murl Patton suffered a severe reaction to Just For Men® including but not limited to redness, irritation, swelling, oozing, weeping, and burning. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

197.     Plaintiff, Ronald Brown, is and was at all times alleged herein a citizen of the State of California and currently resides at 236 W. East Ave., Suite A-203, Chico, CA  95926 and brings this action in his individual capacity.

198.     Plaintiff Ronald Brown purchased Just For Men® in or about August 2015. Plaintiff Ronald Brown applied Just For Men® as directed in or about August 2015. In or about November 2015, Plaintiff Ronald Brown suffered a severe reaction to Just For Men® including but not limited to redness, irritation, oozing, weeping, sores, blisters, burning rashes, contact dermatitis, and permanent skin discoloration and scarring.

199.     Plaintiff, Iman Malik, is and was at all times alleged herein a citizen of the State of Virginia and currently resides at 1802 Marshall Ave, Newport News, VA  23607 and brings this action in his individual capacity.

200.     Plaintiff Iman Malik purchased Just For Men® in or about July 2015. Plaintiff Iman Malik applied Just For Men® as directed in or about August 2015. In or about August 2015,

Plaintiff Iman Malik suffered a severe reaction to Just For Men® including but not limited to redness, irritation, oozing, weeping, sores, blisters, burning, and permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

201.    Plaintiff, John Anderson, is and was at all times alleged herein a citizen of the State of Kansas and currently resides at 1742 South 40th St., Apt 210, Kansas City, KS  66106 and brings this action in his individual capacity.

202.    Plaintiff John Anderson purchased Just For Men® in or about August 2015. Plaintiff John Anderson applied Just For Men® as directed in or about August 2015. In or about August 2015, Plaintiff John Anderson suffered a severe reaction to Just For Men® including but not limited to redness, irritation, stinging, swelling, sores, blisters, burning, and permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

203.    Plaintiff, Garrett Martin, is and was at all times alleged herein a citizen of the State of California and currently resides at 2011 Locus St., Livermore, CA  94551 and brings this action in his individual capacity.

204.    Plaintiff Garrett Martin purchased Just For Men® in or about August 2015. Plaintiff Garrett Martin applied Just For Men® as directed in or about August 2015. In or about August 2015, Plaintiff Garrett Martin suffered a severe reaction to Just For Men® including but not limited to redness, swelling, irritation, oozing, weeping, sores, blisters, and burning rashes. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

205.    Plaintiff, Margie Walker, is and was at all times alleged herein a citizen of the State of North Carolina and currently resides at 2 Misty Lane, Castle Hayne, NC  28429 and

brings this action in her individual capacity. However, Plaintiff Margie Walker's injury from Just For Men® occurred in the State of Pennsylvania.

206.    Plaintiff Margie Walker purchased Just For Men® in or about August 2015. Plaintiff Margie Walker applied Just For Men® as directed in or about August 2015. In or about August 2015, Plaintiff Margie Walker suffered a severe reaction to Just For Men® including but not limited to redness, irritation, sores, blisters, burning rashes, and permanent scarring. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

207.    Plaintiff, Dale Lester, is and was at all times alleged herein a citizen of the State of Texas and currently resides at 990 Hall Rd., Marshall, TX  75670 and brings this action in his individual capacity.

208.    Plaintiff Dale Lester purchased Just For Men® in or about August 2015. Plaintiff Dale Lester applied Just For Men® as directed in or about August 2015. In or about August 2015, Plaintiff Dale Lester suffered a severe reaction to Just For Men® including but not limited to irritation, stinging, sores, blisters, burning, and permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

209.    Plaintiff, Anthony Walker, is and was at all times alleged herein a citizen of the State of Massachusetts and currently resides at 36 Farrar Ave., Hyde Park, MA  02136 and brings this action in his individual capacity.

210.    Plaintiff Anthony Walker purchased Just For Men® in or about July 2014. Plaintiff Anthony Walker applied Just For Men® as directed in or about July 2014. In or about July 2014, Plaintiff Anthony Walker suffered a severe reaction to Just For Men® including but not limited to swelling, irritation, oozing, weeping, sores, blisters, burning, and permanent scarring. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

211.    Plaintiff, Darin McKinney, is and was at all times alleged herein a citizen of the State of North Carolina and currently resides at 2485 Bentley Lane, Lenoir, NC  28645 and brings this action in his individual capacity.

212.    Plaintiff Darin McKinney purchased Just For Men® in or about July 2014. Plaintiff Darin McKinney applied Just For Men® as directed in or about July 2014. In or about July 2014, Plaintiff Darin McKinney suffered a severe reaction to Just For Men® including but not limited to redness, irritation, swelling, sores, blisters, burning rashes, and contact dermatitis. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

213.    Plaintiff, Ladaryl Canty, is and was at all times alleged herein a citizen of the District of Columbia and currently resides at 525 Mellon St., Apt 306, Washington, DC  20019 and brings this action in his individual capacity.

214.    Plaintiff Ladaryl Canty purchased Just For Men® in or about July 2014. Plaintiff Ladaryl Canty applied Just For Men® as directed in or about July 2014. In or about July 2014, Plaintiff Ladaryl Canty suffered a severe reaction to Just For Men® including but not limited to redness, irritation, oozing, swelling, stinging, weeping, burning, and permanent scarring. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

215.    Plaintiff, Vernon Smith, is and was at all times alleged herein a citizen of the State of Maryland and currently resides at 706 Gold St., Baltimore, MD  21217 and brings this action in his individual capacity.

216.    Plaintiff Vernon Smith purchased Just For Men® in or about July 2014. Plaintiff Vernon Smith applied Just For Men® as directed in or about July 2014. In or about July 2014, Plaintiff Vernon Smith suffered a severe reaction to Just For Men® including but not limited to

irritation, oozing, swelling, sores, blisters, burning, and permanent scarring. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

217.   Plaintiff, Charles Blakely, is and was at all times alleged herein a citizen of the State of Mississippi and currently resides at 19324 Highway 51 S, Sardis, MS  38666 and brings this action in his individual capacity.

218.   Plaintiff Charles Blakely purchased Just For Men® in or about July 2014. Plaintiff Charles Blakely applied Just For Men® as directed in or about July 2014. In or about July 2014, Plaintiff Charles Blakely suffered a severe reaction to Just For Men® including but not limited to redness, irritation, sores, blisters, burning rashes and permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

219.   Plaintiff, Malik Rahman, is and was at all times alleged herein a citizen of the State of New York and currently resides at 2955 29th St., Apt. 2I, Brooklyn, NY 11224 and brings this action in his individual capacity.

220.   Plaintiff Malik Rahman purchased Just For Men® in or about August 2014. Plaintiff Malik Rahman applied Just For Men® as directed in or about August 2014. In or about August 2014, Plaintiff Malik Rahman suffered a severe reaction to Just For Men® including but not limited to redness, swelling, stinging, irritation, oozing, weeping, sores, blisters, and burning. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

221.   Plaintiff, Lawrence Smalls, is and was at all times alleged herein a citizen of the State of North Carolina and currently resides at 26 Nightsbridge Court, Durham, NC  27707 and brings this action in his individual capacity.

222.   Plaintiff Lawrence Smalls purchased Just For Men® in or about July 2014. Plaintiff Lawrence Smalls applied Just For Men® as directed in or about July 2014. In or about

August 2014, Plaintiff Lawrence Smalls suffered a severe reaction to Just For Men® including but not limited to redness, irritation, oozing, weeping, sores, blisters, burning, and permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

223.    Plaintiff, Gary Musto, is and was at all times alleged herein a citizen of the State of Michigan and currently resides at 1940 Meadow Ridge Dr., Walled Lake, MI  48390 and brings this action in his individual capacity.

224.    Plaintiff Gary Musto purchased Just For Men® in or about July 2014. Plaintiff Gary Musto applied Just For Men® as directed in or about July 2014. In or about July 2014, Plaintiff Gary Musto suffered a severe reaction to Just For Men® including but not limited to redness, irritation, oozing, weeping, sores, blisters, burning, and permanent scarring.

225.    Plaintiff, James Duncan, is and was at all times alleged herein a citizen of the State of Florida and currently resides at 16 Tarragona Ct, Saint Augustine, FL 32086 and brings this action in his individual capacity.

226.    Plaintiff James Duncan purchased Just For Men® in or about August 2013. Plaintiff James Duncan applied Just For Men® as directed in or about August 2013. In or about August 2013, Plaintiff James Duncan suffered a severe reaction to Just For Men® including but not limited to redness, irritation, oozing, rashes, sores, blisters, burning, and permanent scarring. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

227.    Plaintiff, Curtis Nicholson, is and was at all times alleged herein a citizen of the State of Mississippi and currently resides at 139 Ginger Lane, Columbus, MS  39702 and brings this action in his individual capacity.

228.     Plaintiff Curtis Nicholson purchased Just For Men® in or about August 2014. Plaintiff Curtis Nicholson applied Just For Men® as directed in or about August 2014. In or about August 2014, Plaintiff Curtis Nicholson suffered a severe reaction to Just For Men® including but not limited to redness, irritation, swelling, stinging, rashes, sores, blisters, and burning.

229.     Plaintiff, William Hosier, is and was at all times alleged herein a citizen of the State of New York and currently resides at 55 Johnhill Rd., Brushton, NY 12916 and brings this action in his individual capacity.

230.     Plaintiff William Hosier purchased Just For Men® in or about August 2014. Plaintiff William Hosier applied Just For Men® as directed in or about August 2014. In or about August 2014, Plaintiff William Hosier suffered a severe reaction to Just For Men® including but not limited to redness, irritation, oozing, weeping, sores, blisters, and burning. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

231.     Plaintiff, Euclides Ferreira, is and was at all times alleged herein a citizen of the State of Washington and currently resides at 9017 3rd Ave NW, Seattle, WA 98117 and brings this action in his individual capacity.

232.     Plaintiff Euclides Ferreira purchased Just For Men® in or about August 2014. Plaintiff Euclides Ferreira applied Just For Men® as directed in or about August 2014. In or about August 2014, Plaintiff Euclides Ferreira suffered a severe reaction to Just For Men® including but not limited to redness, irritation, oozing, weeping, sores, blisters, burning, and permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

233.     Plaintiff, Shelby Anderson, is and was at all times alleged herein a citizen of the State of Maryland and currently resides at 309 70th St., Capitol Heights, MD 20743 and brings this action in his individual capacity.

234.     Plaintiff Shelby Anderson purchased Just For Men® in or about August 2014. Plaintiff Shelby Anderson applied Just For Men® as directed in or about August 2014. In or about August 2014, Plaintiff Shelby Anderson suffered a severe reaction to Just For Men® including but not limited to redness, swelling, irritation, oozing, weeping, sores, blisters, burning rashes, and permanent skin discoloration and scarring. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

235.     Plaintiff, Tony Tenorio, is and was at all times alleged herein a citizen of the State of New Mexico and currently resides at 2413 Martha Street NE, Albuquerque, NM 87112 and brings this action in his individual capacity.

236.     Plaintiff Tony Tenorio purchased Just For Men® in or about August 2014. Plaintiff Tony Tenorio applied Just For Men® as directed in or about August 2014. In or about August 2014, Plaintiff Tony Tenorio suffered a severe reaction to Just For Men® including but not limited to redness, irritation, swelling, sores, blisters, and permanent itching and burning. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

237.     Plaintiff, Gerald Banks, is and was at all times alleged herein a citizen of the State of California and currently resides at 2927 Marconi Ave, Apt. #88, Sacramento, CA  95821 and brings this action in his individual capacity.

238.     Plaintiff Gerald Banks purchased Just For Men® in or about August 2014. Plaintiff Gerald Banks applied Just For Men® as directed in or about August 2014. In or about August 2014, Plaintiff Gerald Banks suffered a severe reaction to Just For Men® including but not limited to redness, irritation, swelling, sores, blisters, burning, and permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

239.    Plaintiff, Malik Williams, is and was at all times alleged herein a citizen of the State of Massachusetts and currently resides at 38 Cochato Park, Randolph, MA 02368 and brings this action in his individual capacity.

240.    Plaintiff Malik Williams purchased Just For Men® in or about July 2014. Plaintiff Malik Williams applied Just For Men® as directed in or about July 2014. In or about August 2014, Plaintiff Malik Williams suffered a severe reaction to Just For Men® including but not limited to redness, irritation, swelling, oozing, weeping, sores, blisters, burning rashes, and permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

241.    Plaintiff, Grady Washington, is and was at all times alleged herein a citizen of the State of Michigan and currently resides at 11724 Meyers, Detroit, MI 48227 and brings this action in his individual capacity.

242.    Plaintiff Grady Washington purchased Just For Men® in or about September 2014. Plaintiff Grady Washington applied Just For Men® as directed in or about September 2014. In or about September 2014, Plaintiff Grady Washington suffered a severe reaction to Just For Men® including but not limited to redness, irritation, oozing, weeping, sores, blisters, burning, and permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

243.    Plaintiff, Deric Shaw, is and was at all times alleged herein a citizen of the State of North Carolina and currently resides at 1491 US HWY 70 W, Apt 238, Garner, NC 27529 and brings this action in his individual capacity.

244.    Plaintiff Deric Shaw purchased Just For Men® in or about August 2014. Plaintiff Deric Shaw applied Just For Men® as directed in or about August 2014. In or about September 2014, Plaintiff Deric Shaw suffered a severe reaction to Just For Men® including but not limited

to redness, irritation, oozing, stinging, swelling, weeping, sores, blisters, and burning. As a result

of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

245.    Plaintiff, Tony Williams, is and was at all times alleged herein a citizen of the

State of South Carolina and currently resides at 21994 Hwy 1, Mc Bee, SC  29101 and brings

this action in his individual capacity.

246.    Plaintiff Tony Williams purchased Just For Men® in or about August 2014.

Plaintiff Tony Williams applied Just For Men® as directed in or about August 2014. In or about

August 2014, Plaintiff Tony Williams suffered a severe reaction to Just For Men® including but

not limited to redness, swelling, irritation, oozing, weeping, sores, and blisters.

247.    Plaintiff, Gary Boyle, is and was at all times alleged herein a citizen of the State

of Massachusetts and currently resides at 246 Market St., Apt 210A, Lowell, MA  01852 and

brings this action in his individual capacity.

248.    Plaintiff Gary Boyle purchased Just For Men® in or about August 2014. Plaintiff

Gary Boyle applied Just For Men® as directed in or about August 2014. In or about August 2014,

Plaintiff Gary Boyle suffered a severe reaction to Just For Men® including but not limited to

redness, irritation, swelling, sores, blisters, burning and infection. As a result of injuries

sustained after applying Just For Men®, Plaintiff obtained medical treatment.

249.    Plaintiff, Stephen Foster, is and was at all times alleged herein a citizen of the

State of Maryland and currently resides at 5714 Middelton Lane, Camp Springs, MD  20748 and

brings this action in his individual capacity. However, Plaintiff Stephen Foster's reaction to Just

For Men® occurred in the District of Columbia.

250.    Plaintiff Stephen Foster purchased Just For Men® in or about August 2014.

Plaintiff Stephen Foster applied Just For Men® as directed in or about August 2014. In or about

September 2014, Plaintiff Stephen Foster suffered a severe reaction to Just For Men® including

but not limited to irritation, oozing, weeping, sores, blisters, and permanent scarring. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

251.     Plaintiff, William Smith, is and was at all times alleged herein a citizen of the State of Florida and currently resides at 13618 Greenfield Dr., Apt 107, Tampa, FL  33618 and brings this action in his individual capacity.

252.     Plaintiff William Smith purchased Just For Men® in or about August 2013. Plaintiff William Smith applied Just For Men® as directed in or about August 2013. In or about August 2013, Plaintiff William Smith suffered a severe reaction to Just For Men® including but not limited to redness, irritation, sores, blisters, burning, and permanent skin discoloration and scarring. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

253.     Plaintiff, Harold Brown, is and was at all times alleged herein a citizen of the State of Maryland and currently resides at 4738 68th Ave, Hyattsville, MD  20784 and brings this action in his individual capacity.

254.     Plaintiff Harold Brown purchased Just For Men® in or about July 2014. Plaintiff Harold Brown applied Just For Men® as directed in or about July 2014. In or about August 2014, Plaintiff Harold Brown suffered a severe reaction to Just For Men® including but not limited to redness, irritation, stinging, swelling, oozing, weeping, sores, blisters, and burning. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

255.     Plaintiff, Walter Bland, is and was at all times alleged herein a citizen of the State of Michigan and currently resides at 22044 Park St., Apt 12, Dearborn, MI  48124 and brings this action in his individual capacity.

256.     Plaintiff Walter Bland purchased Just For Men® in or about September 2014. Plaintiff Walter Bland applied Just For Men® as directed in or about September 2014. In or about

September 2014, Plaintiff Walter Bland suffered a severe reaction to Just For Men® including but not limited to redness, irritation, oozing, weeping, sores, blisters, and burning rashes. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

257.     Plaintiff, Rudolph Valentine, is and was at all times alleged herein a citizen of the State of South Carolina and currently resides at 8748 Red Oak Dr., Charleston, SC  29406 and brings this action in his individual capacity.

258.     Plaintiff Rudolph Valentine purchased Just For Men® in or about August 2014. Plaintiff Rudolph Valentine applied Just For Men® as directed in or about August 2014. In or about August 2014, Plaintiff Rudolph Valentine suffered a severe reaction to Just For Men® including but not limited to redness, irritation, oozing, weeping, sores, blisters, burning, and permanent skin discoloration.

259.     Plaintiff, Timothy Danley, is and was at all times alleged herein a citizen of the State of South Carolina and currently resides at 415 Sarah St., Warrenville, SC  29851 and brings this action in his individual capacity.

260.     Plaintiff Timothy Danley purchased Just For Men® in or about August 2014. Plaintiff Timothy Danley applied Just For Men® as directed in or about August 2014. In or about September 2014, Plaintiff Timothy Danley suffered a severe reaction to Just For Men® including but not limited to redness, irritation, swelling, stinging, burning, and permanent skin discoloration and scarring. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

261.     Plaintiff, Ernest Fowler, is and was at all times alleged herein a citizen of the State of South Carolina and currently resides at 200 Windemere Way, Anderson, SC  29625 and brings this action in his individual capacity.

262.   Plaintiff Ernest Fowler purchased Just For Men® in or about August 2014. Plaintiff Ernest Fowler applied Just For Men® as directed in or about August 2014. In or about August 2014, Plaintiff Ernest Fowler suffered a severe reaction to Just For Men® including but not limited to redness, irritation, oozing, weeping, sores, blisters, burning, and permanent scarring.

263.   Plaintiff, Teresa Ducksworth, is and was at all times alleged herein a citizen of the State of Mississippi and currently resides at 50 Deas Road, Hattiesburg, MS  39402 and brings this action in her individual capacity.

264.   Plaintiff Teresa Ducksworth purchased Just For Men® in or about July 2011 and August 2014. Plaintiff Teresa Ducksworth applied Just For Men® as directed in or about August 2014. In or about September 2014, Plaintiff Teresa Ducksworth suffered a severe reaction to Just For Men® including but not limited to redness, irritation, swelling, oozing, weeping, sores, blisters, burning rashes, and permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

265.   Plaintiff, Johnathon Redd, is and was at all times alleged herein a citizen of the State of North Carolina and currently resides at 9305 Haywain Ct., Charlotte, NC  28213 and brings this action in his individual capacity.

266.   Plaintiff Johnathon Redd purchased Just For Men® in or about September 2014. Plaintiff Johnathon Redd applied Just For Men® as directed in or about September 2014. In or about September 2014, Plaintiff Johnathon Redd suffered a severe reaction to Just For Men® including but not limited to redness, irritation, singing, and burning.

267.   Plaintiff, Michael Harris, is and was at all times alleged herein a citizen of the State of Michigan and currently resides at 21210 Constitution St., Southfield, MI  48076 and brings this action in his individual capacity.

268.    Plaintiff Michael Harris purchased Just For Men® in or about August 2014. Plaintiff Michael Harris applied Just For Men® as directed in or about August 2014. In or about August 2014, Plaintiff Michael Harris suffered a severe reaction to Just For Men® including but not limited to redness, irritation, oozing, weeping, and sores. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

269.    Plaintiff, Francis Brooks, is and was at all times alleged herein a citizen of the State of Wisconsin and currently resides at 4311 Bellevue Place, Two Rivers, WI  54241 and brings this action in his individual capacity.

270.    Plaintiff Francis Brooks purchased Just For Men® in or about August 2014. Plaintiff Francis Brooks applied Just For Men® as directed in or about August 2014. In or about September 2014, Plaintiff Francis Brooks suffered a severe reaction to Just For Men® including but not limited to redness, irritation, sores, blisters, burning, and contact dermatitis. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

271.    Plaintiff, John Jackson, is and was at all times alleged herein a citizen of the State of Ohio and currently resides at 38518 Oak Hill Lane, Willoughby, OH  44094 and brings this action in his individual capacity. However, Plaintiff's reaction to Just For Men® occurred in the State of Michigan.

272.    Plaintiff John Jackson purchased Just For Men® in or about August 2014. Plaintiff John Jackson applied Just For Men® as directed in or about August 2014. In or about August 2014, Plaintiff John Jackson suffered a severe reaction to Just For Men® including but not limited to irritation, stinging, sores, blisters, burning, and permanent skin discoloration and scarring.

273.     Plaintiff, Danny Ruffin, is and was at all times alleged herein a citizen of the State of Michigan and currently resides at 15051 Parkside St., Detroit, MI  48238 and brings this action in his individual capacity.

274.     Plaintiff Danny Ruffin purchased Just For Men® in or about August 2014. Plaintiff Danny Ruffin applied Just For Men® as directed in or about August 2014. In or about August 2014, Plaintiff Danny Ruffin suffered a severe reaction to Just For Men® including but not limited to redness, irritation, swelling, stinging, oozing, weeping, sores, blisters, burning, and permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

275.     Plaintiff, Perry Davis, is and was at all times alleged herein a citizen of the State of New York and currently resides at 94 Burrows St., Rochester, NY  14606 and brings this action in his individual capacity.

276.     Plaintiff Perry Davis purchased Just For Men® in or about September 2014. Plaintiff Perry Davis applied Just For Men® as directed in or about September 2014. In or about September 2014, Plaintiff Perry Davis suffered a severe reaction to Just For Men® including but not limited to irritation, sores, blisters, burning rashes, and permanent scarring. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

277.     Plaintiff, Robert D. Jones, is and was at all times alleged herein a citizen of the State of South Carolina and currently resides at 9698 Patriot Blvd, Apt. #107, Ladson, SC 29456 and brings this action in his individual capacity.

278.     Plaintiff Robert D. Jones purchased Just For Men® in or about August 2014. Plaintiff Robert D. Jones applied Just For Men® as directed in or about August 2014. In or about August 2014, Plaintiff Robert D. Jones suffered a severe reaction to Just For Men® including but

not limited to redness, irritation, swelling, oozing, weeping, sores, blisters, burning, and permanent skin discoloration.

279.     Plaintiff, Harrison Magwood, is and was at all times alleged herein a citizen of the State of Florida and currently resides at 313 Golf Breeze Ave, Punta Gorda, FL  33950 and brings this action in his individual capacity.

280.     Plaintiff Harrison Magwood purchased Just For Men® in or about August 2013. Plaintiff Harrison Magwood applied Just For Men® as directed in or about August 2013. In or about August 2013, Plaintiff Harrison Magwood suffered a severe reaction to Just For Men® including but not limited to redness, swelling, irritation, oozing, weeping, sores, blisters, burning, and permanent skin discoloration and scarring. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

281.     Plaintiff, Toriano Thomas, is and was at all times alleged herein a citizen of the State of North Carolina and currently resides at PO Box 511, Harrisburg, NC  28075 and brings this action in his individual capacity.

282.     Plaintiff Toriano Thomas purchased Just For Men® in or about August 2014. Plaintiff Toriano Thomas applied Just For Men® as directed in or about August 2014. In or about August 2014, Plaintiff Toriano Thomas suffered a severe reaction to Just For Men® including but not limited to redness, irritation, swelling, stinging, permanent skin discoloration, and vitiligo. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

283.     Plaintiff, Bergen Harrell, is and was at all times alleged herein a citizen of the State of Pennsylvania and currently resides at 128A S. 54 St., Philadelphia, PA  19139 and brings this action in his individual capacity.

284.     Plaintiff Bergen Harrell purchased Just For Men® in or about September 2015. Plaintiff Bergen Harrell applied Just For Men® as directed in or about September 2015. In or about September 2015, Plaintiff Bergen Harrell suffered a severe reaction to Just For Men® including but not limited to redness, irritation, oozing, sores, blisters, and chemical burning.

285.     Plaintiff, Laurence Taylor, is and was at all times alleged herein a citizen of the State of New York and currently resides at 78 A Utica Ave, Brooklyn, NY 11213 and brings this action in his individual capacity.

286.     Plaintiff Laurence Taylor purchased Just For Men® in or about September 2014. Plaintiff Laurence Taylor applied Just For Men® as directed in or about September 2014. In or about September 2014, Plaintiff Laurence Taylor suffered a severe reaction to Just For Men® including but not limited to redness, irritation, oozing, weeping, sores, blisters, burning, and permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

287.     Plaintiff, William Williams, is and was at all times alleged herein a citizen of the State of New York and currently resides at 4565 Thompson Rd., Clarence, NY 14031 and brings this action in his individual capacity.

288.     Plaintiff William Williams purchased Just For Men® in or about April 2015. Plaintiff William Williams applied Just For Men® as directed in or about April 2015. In or about April 2015, Plaintiff William Williams suffered a severe reaction to Just For Men® including but not limited to redness, irritation, oozing, weeping, sores, blisters, and burning. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

289.     Plaintiff, Steve Sorace, is and was at all times alleged herein a citizen of the State of Pennsylvania and currently resides at 464 E. Ninth St., Northampton, PA 18067 and brings this action in his individual capacity.

290.     Plaintiff Steve Sorace purchased Just For Men® in or about August 2015. Plaintiff Steve Sorace applied Just For Men® as directed in or about August 2015. In or about September 2015, Plaintiff Steve Sorace suffered a severe reaction to Just For Men® including but not limited to redness, irritation, oozing, weeping, sores, blisters, and burning. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

291.     Plaintiff, Eric Robinson, is and was at all times alleged herein a citizen of the State of California and currently resides at 20880 Wilbeam Ave, Apt. B, Castro Valley, CA 94546 and brings this action in his individual capacity.

292.     Plaintiff Eric Robinson purchased Just For Men® in or about May 2015. Plaintiff Eric Robinson applied Just For Men® as directed in or about May 2015. In or about May 2015, Plaintiff Eric Robinson suffered a severe reaction to Just For Men® including but not limited to redness, irritation, swelling, sores, blisters, burning, and permanent scarring. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

293.     Plaintiff, Cullen Yaw, is and was at all times alleged herein a citizen of the State of Texas and currently resides at 237 Laurie Lane, Bullard, TX  75757 and brings this action in his individual capacity.

294.     Plaintiff Cullen Yaw purchased Just For Men® in or about September 2015. Plaintiff Cullen Yaw applied Just For Men® as directed in or about September 2015. In or about September 2015, Plaintiff Cullen Yaw suffered a severe reaction to Just For Men® including but not limited to redness, irritation, oozing, weeping, sores, blisters, and burning.

295.     Plaintiff, Lonnie Mathis, is and was at all times alleged herein a citizen of the State of Texas and currently resides at 800 Cattail Cir., Harker Heights, TX  76548 and brings this action in his individual capacity.

296.     Plaintiff Lonnie Mathis purchased Just For Men® in or about October 2015. Plaintiff Lonnie Mathis applied Just For Men® as directed in or about October 2015. In or about October 2015, Plaintiff Lonnie Mathis suffered a severe reaction to Just For Men® including but not limited to redness, irritation, swelling, sores, blisters, and burning. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

297.     Plaintiff, Estevan Guerrero, is and was at all times alleged herein a citizen of the State of California and currently resides at 6122 11th Ave., Apt. 105, Los Angeles, CA  90044 and brings this action in his individual capacity.

298.     Plaintiff Estevan Guerrero purchased Just For Men® in or about September 2015. Plaintiff Estevan Guerrero applied Just For Men® as directed in or about September 2015. In or about September 2015, Plaintiff Estevan Guerrero suffered a severe reaction to Just For Men® including but not limited to redness, irritation, oozing, weeping, sores, blisters, burning, and permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

299.     Plaintiff, Anthony Garrison, is and was at all times alleged herein a citizen of the State of California and currently resides at 3815 Lakeside Dr., Apt. F215, Richmond, CA  94608 and brings this action in his individual capacity.

300.     Plaintiff Anthony Garrison purchased Just For Men® in or about September 2015. Plaintiff Anthony Garrison applied Just For Men® as directed in or about September 2015. In or about September 2015, Plaintiff Anthony Garrison suffered a severe reaction to Just For Men® including but not limited to redness, swelling, irritation, oozing, weeping, sores, blisters, burning, and permanent skin discoloration and scarring. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

301.     Plaintiff, Pinkney Miles, is and was at all times alleged herein a citizen of the State of Pennsylvania and currently resides at 6135 Binghan St., Philadelphia, PA  19111 and brings this action in his individual capacity.

302.     Plaintiff Pinkney Miles purchased Just For Men® in or about September 2015. Plaintiff Pinkney Miles applied Just For Men® as directed in or about September 2015. In or about September 2015, Plaintiff Pinkney Miles suffered a severe reaction to Just For Men® including but not limited to irritation, oozing, weeping, sores, blisters, burning, and permanent skin discoloration and scarring. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

303.     Plaintiff, William Carswell, is and was at all times alleged herein a citizen of the State of Georgia and currently resides at 1021 Macon Ave., Macon, GA  31204 and brings this action in his individual capacity.

304.     Plaintiff William Carswell purchased Just For Men® in or about October 2015. Plaintiff William Carswell applied Just For Men® as directed in or about October 2015. In or about October 2015, Plaintiff William Carswell suffered a severe reaction to Just For Men® including but not limited to redness, irritation, oozing, weeping, sores, blisters, burning, and permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

305.     Plaintiff, Calvin Lewis, is and was at all times alleged herein a citizen of the State of Pennsylvania and brings this action in his individual capacity. Plaintiff currently resides at 218 Monaco Ave, Santa Ana, CA 92703.

306.     Plaintiff Calvin Lewis purchased Just For Men® in or about September 2015. Plaintiff Calvin Lewis applied Just For Men® as directed in or about September 2015. In or about September 2015, Plaintiff Calvin Lewis suffered a severe reaction to Just For Men® including

but not limited to redness, irritation, oozing, weeping, sores, blisters, and burning. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

307.    Plaintiff, Depriese Perkins, is and was at all times alleged herein a citizen of the State of Rhode Island and currently resides at 19 Elmwood Ave, Providence, RI  02901 and brings this action in his individual capacity.

308.    Plaintiff Depriese Perkins purchased Just For Men® in or about September 2015. Plaintiff Depriese Perkins applied Just For Men® as directed in or about September 2015. In or about September 2015, Plaintiff Depriese Perkins suffered a severe reaction to Just For Men® including but not limited to redness, irritation, oozing, weeping, sores, blisters, and burning.

309.    Plaintiff, Angelo Mazza, is and was at all times alleged herein a citizen of the State of California and currently resides at 1691 Venice Dr., South Lake Tahoe, CA  96150 and brings this action in his individual capacity.

310.    Plaintiff Angelo Mazza purchased Just For Men® in or about September 2015. Plaintiff Angelo Mazza applied Just For Men® as directed in or about September 2015. In or about September 2015, Plaintiff Angelo Mazza suffered a severe reaction to Just For Men® including but not limited to redness, irritation, oozing, weeping, sores, blisters, burning, and permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

311.    Plaintiff, Terry Totten, is and was at all times alleged herein a citizen of the State of Illinois and currently resides at 548 E. Oakwood Blvd., Chicago, IL  60653 and brings this action in his individual capacity.

312.    Plaintiff Terry Totten purchased Just For Men® in or about September 2015. Plaintiff Terry Totten applied Just For Men® as directed in or about September 2015. In or about September 2015, Plaintiff Terry Totten suffered a severe reaction to Just For Men® including but

not limited to redness, irritation, swelling, sores, blisters, and burning. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

313.    Plaintiff, Chukwuemeka Nwaogwugwu, is and was at all times alleged herein a citizen of the State of Texas and currently resides at 6125 Bianca Cir., Apt. 21, Fort Worth, TX 76132 and brings this action in his individual capacity.

314.    Plaintiff Chukwuemeka Nwaogwugwu purchased Just For Men® in or about November 2015. Plaintiff Chukwuemeka Nwaogwugwu applied Just For Men® as directed in or about November 2015. In or about November 2015 Plaintiff Chukwuemeka Nwaogwugwu suffered a severe reaction to Just For Men® including but not limited to redness, irritation, swelling, sores, blisters, and burning. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

315.    Plaintiff, Anthony Lumpkin, is and was at all times alleged herein a citizen of the State of Ohio and currently resides at 4070 Timber Trail, Medina, OH  44256 and brings this action in his individual capacity.

316.    Plaintiff Anthony Lumpkin purchased Just For Men® in or about August 2015. Plaintiff Anthony Lumpkin applied Just For Men® as directed in or about August 2015. In or about August 2015, Plaintiff Anthony Lumpkin suffered a severe reaction to Just For Men® including but not limited to redness, irritation, oozing, weeping, sores, blisters, burning, and permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

317.    Plaintiff, Matthew Arnold, is and was at all times alleged herein a citizen of the State of California and currently resides at 512 Evergreen St, Suite 308, Inglewood, CA  90302 and brings this action in his individual capacity.

318.     Plaintiff Matthew Arnold purchased Just For Men® in or about September 2015. Plaintiff Matthew Arnold applied Just For Men® as directed in or about September 2015. In or about September 2015, Plaintiff Matthew Arnold suffered a severe reaction to Just For Men® including but not limited to redness, irritation, swelling, sores, blisters, and burning.

319.     Plaintiff, Eddie Neal, is and was at all times alleged herein a citizen of the State of Massachusetts and currently resides at 37 B Harrison St., Boston, MA  02131 and brings this action in his individual capacity.

320.     Plaintiff Eddie Neal purchased Just For Men® in or about September 2015. Plaintiff Eddie Neal applied Just For Men® as directed in or about September 2015. In or about September 2015, Plaintiff Eddie Neal suffered a severe reaction to Just For Men® including but not limited to redness, irritation, oozing, weeping, sores, blisters, and burning. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

321.     Plaintiff, Ronald Dawson, is and was at all times alleged herein a citizen of the State of Ohio and currently resides at 128 W. Walnut St., Westerville, OH  43081 and brings this action in his individual capacity.

322.     Plaintiff Ronald Dawson purchased Just For Men® in or about September 2015. Plaintiff Ronald Dawson applied Just For Men® as directed in or about September 2015. In or about September 2015, Plaintiff Ronald Dawson suffered a severe reaction to Just For Men® including but not limited to redness, irritation, oozing, weeping, sores, blisters, and permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

323.     Plaintiff, Damon Lewis, is and was at all times alleged herein a citizen of the State of Massachusetts and currently resides at 29 Msgr Reynolds Way, Boston, MA  02118 and brings this action in his individual capacity.

324.    Plaintiff Damon Lewis purchased Just For Men® in or about September 2014. Plaintiff Damon Lewis applied Just For Men® as directed in or about September 2014. In or about September 2014, Plaintiff Damon Lewis suffered a severe reaction to Just For Men® including but not limited to redness, irritation, swelling, sores, blisters, and burning.

325.    Plaintiff, Eric Tucker, is and was at all times alleged herein a citizen of the State of Georgia and currently resides at 1685 Richmond Ave SE, Apt 4, Atlanta, GA  30315 and brings this action in his individual capacity.

326.    Plaintiff Eric Tucker purchased Just For Men® in or about September 2015. Plaintiff Eric Tucker applied Just For Men® as directed in or about September 2015. In or about September 2015, Plaintiff Eric Tucker suffered a severe reaction to Just For Men® including but not limited to redness, irritation, oozing, weeping, sores, blisters, and permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

327.    Plaintiff, Paul Adams, is and was at all times alleged herein a citizen of the State of California and currently resides at 155 Marcus Ave, Richmond, CA  94801 and brings this action in his individual capacity.

328.    Plaintiff Paul Adams purchased Just For Men® in or about September 2015. Plaintiff Paul Adams applied Just For Men® as directed in or about September 2015. In or about September 2015, Plaintiff Paul Adams suffered a severe reaction to Just For Men® including but not limited to irritation, oozing, weeping, sores, blisters, burning, and permanent skin discoloration.

329.    Plaintiff, Anthony Jiggetts, is and was at all times alleged herein a citizen of the State of Pennsylvania and currently resides at 3402 Bluestone Ln., East Stroudsburg, PA  18301 and brings this action in his individual capacity.

330.    Plaintiff Anthony Jiggetts purchased Just For Men® in or about September 2015. Plaintiff Anthony Jiggetts applied Just For Men® as directed in or about September 2015. In or about September 2015, Plaintiff Anthony Jiggetts suffered a severe reaction to Just For Men® including but not limited to irritation, oozing, weeping, sores, blisters, burning, and permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

331.    Plaintiff, Tyrone Scott Howard, is and was at all times alleged herein a citizen of the State of Georiga and currently resides at 250 Amal Drive 6002, Atlanta, GA  30315 and brings this action in his individual capacity.

332.    Plaintiff Tyrone Scott Howard purchased Just For Men® in or about August 2015. Plaintiff Tyrone Scott Howard applied Just For Men® as directed in or about August 2015. In or about August 2015, Plaintiff Tyrone Scott Howard suffered a severe reaction to Just For Men® including but not limited to redness, irritation, oozing, weeping, sores, blisters, burning, and permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

333.    Plaintiff, Jamarcus Stewart, is and was at all times alleged herein a citizen of the State of Arizona and currently resides at 8301 N. 29th Ave., Phoenix, AZ  85051 and brings this action in his individual capacity.

334.    Plaintiff Jamarcus Stewart purchased Just For Men® in or about September 2015. Plaintiff Jamarcus Stewart applied Just For Men® as directed in or about September 2015. In or about September 2015, Plaintiff Jamarcus Stewart suffered a severe reaction to Just For Men® including but not limited to redness, irritation, swelling, sores, blisters, and burning.

335.     Plaintiff, Lonon Norwood, is and was at all times alleged herein a citizen of the State of Georgia and currently resides at 569 Flint Ridge Ct., Jonesboro, GA  30238 and brings this action in his individual capacity.

336.     Plaintiff Lonon Norwood purchased Just For Men® in or about September 2015. Plaintiff Lonon Norwood applied Just For Men® as directed in or about September 2015. In or about September 2015, Plaintiff Lonon Norwood suffered a severe reaction to Just For Men® including but not limited to redness, irritation, swelling, sores, blisters, and burning. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

337.     Plaintiff, Jamil Manning, is and was at all times alleged herein a citizen of the State of New Jersey and currently resides at 105 Schley St., Apt. 2R, Newark, NJ  07112 and brings this action in his individual capacity.

338.     Plaintiff Jamil Manning purchased Just For Men® in or about September 2015. Plaintiff Jamil Manning applied Just For Men® as directed in or about September 2015. In or about September 2015, Plaintiff Jamil Manning suffered a severe reaction to Just For Men® including but not limited to redness, irritation, swelling, sores, blisters, and burning. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

339.     Plaintiff, Wendell Griffin, is and was at all times alleged herein a citizen of the State of Texas and currently resides at 805 Central Dr., Apt. 220, Bedford, TX  76022 and brings this action in his individual capacity.

340.     Plaintiff Wendell Griffin purchased Just For Men® in or about September 2015. Plaintiff Wendell Griffin applied Just For Men® as directed in or about September 2015. In or about September 2015, Plaintiff Wendell Griffin suffered a severe reaction to Just For Men® including but not limited to redness, irritation, oozing, weeping, sores, blisters, burning, and

permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

341.    Plaintiff, Anthony Robinson, is and was at all times alleged herein a citizen of the State of Alabama and currently resides at 3408 Biltmore Ave., Montgomery, AL  36109 and brings this action in his individual capacity.

342.    Plaintiff Anthony Robinson purchased Just For Men® in or about September 2015. Plaintiff Anthony Robinson applied Just For Men® as directed in or about September 2015. In or about September 2015, Plaintiff Anthony Robinson suffered a severe reaction to Just For Men® including but not limited to redness, irritation, swelling, sores, blisters, and burning. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

343.    Plaintiff, Arthur Woodson, is and was at all times alleged herein a citizen of the State of Ohio and currently resides at 3327 Arlington Ave, Apt G 305, Toledo, OH  43614 and brings this action in his individual capacity.

344.    Plaintiff Arthur Woodson purchased Just For Men® in or about September 2015. Plaintiff Arthur Woodson applied Just For Men® as directed in or about September 2015. In or about September 2015, Plaintiff Arthur Woodson suffered a severe reaction to Just For Men® including but not limited to redness, irritation, swelling, sores, blisters, and burning.

345.    Plaintiff, Bret Pardon, is and was at all times alleged herein a citizen of the State of Ohio and currently resides at 2812 E. 130th St., Cleveland, OH  44120 and brings this action in his individual capacity.

346.    Plaintiff Bret Pardon purchased Just For Men® in or about September 2015. Plaintiff Bret Pardon applied Just For Men® as directed in or about September 2015. In or about September 2015, Plaintiff Bret Pardon suffered a severe reaction to Just For Men® including but

not limited to redness, irritation, oozing, swelling, weeping, sores, blisters, burning, and permanent skin discoloration.

347.     Plaintiff, Clentis Moore, is and was at all times alleged herein a citizen of the State of Nevada and currently resides at 7112 Plushstone Dr., Las Vegas, NV  89148 and brings this action in his individual capacity.

348.     Plaintiff Clentis Moore purchased Just For Men® in or about October 2015. Plaintiff Clentis Moore applied Just For Men® as directed in or about October 2015. In or about October 2015, Plaintiff Clentis Moore suffered a severe reaction to Just For Men® including but not limited to irritation, oozing, weeping, sores, blisters, burning, and permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

349.     Plaintiff, Kevin Phillips, is and was at all times alleged herein a citizen of the State of Iowa and currently resides at 716 S. 9th St., Apt. 21, Clear Lake, IA  50428 and brings this action in his individual capacity.

350.     Plaintiff Kevin Phillips purchased Just For Men® in or about September 2015. Plaintiff Kevin Phillips applied Just For Men® as directed in or about September 2015. In or about September 2015, Plaintiff Kevin Phillips suffered a severe reaction to Just For Men® including but not limited to redness, irritation, oozing, weeping, sores, blisters, and burning. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

351.     Plaintiff, Darryl Ashley, is and was at all times alleged herein a citizen of the State of Texas and currently resides at 12500 Dunlap St., Apt. 303, Houston, TX  77035 and brings this action in his individual capacity.

352.     Plaintiff Darryl Ashley purchased Just For Men® in or about September 2015. Plaintiff Darryl Ashley applied Just For Men® as directed in or about September 2015. In or

about September 2015, Plaintiff Darryl Ashley suffered a severe reaction to Just For Men® including but not limited to redness, irritation, oozing, swelling, weeping, sores, blisters, burning, and permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

353.    Plaintiff, Melvin Deal, is and was at all times alleged herein a citizen of the State of California and currently resides at 559 16th St., Apt. 501, Oakland, CA 94612 and brings this action in his individual capacity.

354.    Plaintiff Melvin Deal purchased Just For Men® in or about September 2015. Plaintiff Melvin Deal applied Just For Men® as directed in or about September 2015. In or about September 2015, Plaintiff Melvin Deal suffered a severe reaction to Just For Men® including but not limited to redness, irritation, oozing, weeping, sores, blisters, burning, and permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

355.    Plaintiff, Darrilyn Ellis, is and was at all times alleged herein a citizen of the State of Illinois and currently resides at 109 Urban St., Bloomington, IL 61704 and brings this action in his individual capacity.

356.    Plaintiff Darrilyn Ellis purchased Just For Men® in or about September 2015. Plaintiff Darrilyn Ellis applied Just For Men® as directed in or about September 2015. In or about September 2015, Plaintiff Darrilyn Ellis suffered a severe reaction to Just For Men® including but not limited to redness, irritation, swelling, sores, blisters, burning, and permanent skin discoloration.

357.    Plaintiff, Michael Hartley, is and was at all times alleged herein a citizen of the State of Ohio and currently resides at 1635 Fargate Place, Columbus, OH 43206 and brings this action in his individual capacity.

358.    Plaintiff Michael Hartley purchased Just For Men® in or about September 2015. Plaintiff Michael Hartley applied Just For Men® as directed in or about September 2015. In or about September 2015, Plaintiff Michael Hartley suffered a severe reaction to Just For Men® including but not limited to irritation, swelling, stinging, burning, and permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

359.    Plaintiff, Brian Hunt, is and was at all times alleged herein a citizen of the State of Ohio and currently resides at 192 Barnhill Rd. NE, New Philadelphia, OH 44663 and brings this action in his individual capacity.

360.    Plaintiff Brian Hunt purchased Just For Men® in or about September 2015. Plaintiff Brian Hunt applied Just For Men® as directed in or about September 2015. In or about September 2015, Plaintiff Brian Hunt suffered a severe reaction to Just For Men® including but not limited to redness, irritation, swelling, sores, blisters, burning, and permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

361.    Plaintiff, James DoBynes, is and was at all times alleged herein a citizen of the State of Alabama and currently resides at 733 Sunhill Rd. NW, Apt. F, Birmingham, AL 35215 and brings this action in his individual capacity.

362.    Plaintiff James DoBynes purchased Just For Men® in or about September 2015. Plaintiff James DoBynes applied Just For Men® as directed in or about September 2015. In or about September 2015, Plaintiff James DoBynes suffered a severe reaction to Just For Men® including but not limited to redness, irritation, oozing, weeping, sores, blisters, burning, and permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

363.     Plaintiff, Brian Woodall, is and was at all times alleged herein a citizen of the State of Alabama and currently resides at 121 Brookview Dr., Hazel Green, AL  35750 and brings this action in his individual capacity.

364.     Plaintiff Brian Woodall purchased Just For Men® in or about September 2015. Plaintiff Brian Woodall applied Just For Men® as directed in or about September 2015. In or about September 2015, Plaintiff Brian Woodall suffered a severe reaction to Just For Men® including but not limited to redness, irritation, oozing, weeping, sores, blisters, burning, and permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

365.     Plaintiff, Mitchell Nixon, is and was at all times alleged herein a citizen of the State of California and currently resides at 7690 Concord Ave., Fontana, CA  92336 and brings this action in his individual capacity.

366.     Plaintiff Mitchell Nixon purchased Just For Men® in or about September 2015. Plaintiff Mitchell Nixon applied Just For Men® as directed in or about September 2015. In or about September 2015, Plaintiff Mitchell Nixon suffered a severe reaction to Just For Men® including but not limited to redness, irritation, oozing, weeping, sores, blisters, burning, and permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

367.     Plaintiff, Cloyd Rogers, is and was at all times alleged herein a citizen of the State of Nevada and currently resides at 920 Falconhead Ln., Unit 102 Las Vegas, NV 89128 and brings this action in his individual capacity.

368.     Plaintiff Cloyd Rogers purchased Just For Men® in or about August 2015. Plaintiff Cloyd Rogers applied Just For Men® as directed in or about August 2015. In or about

August 2015, Plaintiff Cloyd Rogers suffered a severe reaction to Just For Men® including but not limited to redness, irritation, oozing, weeping, sores, blisters, and burning.

369.    Plaintiff, Kirk Baker, is and was at all times alleged herein a citizen of the State of Nevada and currently resides at 7099 N. Hualapai Way, Apt 1135, Las Vegas, NV 89166 and brings this action in his individual capacity.

370.    Plaintiff Kirk Baker purchased Just For Men® in or about March 2016. Plaintiff Kirk Baker applied Just For Men® as directed in or about March 2016. In or about March 2016, Plaintiff Kirk Baker suffered a severe reaction to Just For Men® including but not limited to redness, irritation, swelling, oozing, weeping, sores, blisters, burning, and permanent skin discoloration.

371.    Plaintiff, Terry Travis, is and was at all times alleged herein a citizen of the State of Alabama and currently resides at 2166 Barretts Ln., Mobile, AL 36617 and brings this action in his individual capacity.

372.    Plaintiff Terry Travis purchased Just For Men® in or about September 2015. Plaintiff Terry Travis applied Just For Men® as directed in or about September 2015. In or about September 2015, Plaintiff Terry Travis suffered a severe reaction to Just For Men® including but not limited to redness, irritation, oozing, weeping, sores, blisters, burning, and permanent skin discoloration.

373.    Plaintiff, Michael Vigil, is and was at all times alleged herein a citizen of the State of California and currently resides at 726 Monterey Ave, Monrovia, CA 91016 and brings this action in his individual capacity.

374.    Plaintiff Michael Vigil purchased Just For Men® in or about September 2015. Plaintiff Michael Vigil applied Just For Men® as directed in or about September 2015. In or about September 2015, Plaintiff Michael Vigil suffered a severe reaction to Just For Men®

including but not limited to redness, irritation, oozing, weeping, sores, blisters, burning, and permanent skin discoloration.

375.     Plaintiff, Anthony Thomas, is and was at all times alleged herein a citizen of the State of California and currently resides at 13920 Hoover St., Apt. A-405, Westminster, CA 92683 and brings this action in his individual capacity.

376.     Plaintiff Anthony Thomas purchased Just For Men® in or about September 2015. Plaintiff Anthony Thomas applied Just For Men® as directed in or about September 2015. In or about September 2015, Plaintiff Anthony Thomas suffered a severe reaction to Just For Men® including but not limited to redness, irritation, oozing, weeping, sores, blisters, burning, permanent skin discoloration, vitiligo, and anaphylactic shock. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

377.     Plaintiff, Mike DeCoster, is and was at all times alleged herein a citizen of the State of Pennsylvania and currently resides at P.O. Box 123, Norristown, PA  19404 and brings this action in his individual capacity.

378.     Plaintiff Mike DeCoster purchased Just For Men® in or about September 2015. Plaintiff Mike DeCoster applied Just For Men® as directed in or about September 2015. In or about September 2015, Plaintiff Mike DeCoster suffered a severe reaction to Just For Men® including but not limited to redness, irritation, oozing, weeping, sores, blisters, burning, and permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

379.     Plaintiff, Joel McRae, is and was at all times alleged herein a citizen of the State of Georgia and currently resides at 816 Lilly St., Dublin, GA  31021 and brings this action in his individual capacity.

380.     Plaintiff Joel McRae purchased Just For Men® in or about September 2015. Plaintiff Joel McRae applied Just For Men® as directed in or about September 2015. In or about September 2015, Plaintiff Joel McRae suffered a severe reaction to Just For Men® including but not limited to redness, swelling, irritation, oozing, weeping, sores, blisters, burning, and permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

381.     Plaintiff, Olabaku Jones, Jr., is and was at all times alleged herein a citizen of the State of California and currently resides at 2278 Greenville St., Oroville, CA  95965 and brings this action in his individual capacity.

382.     Plaintiff Olabaku Jones, Jr. purchased Just For Men® in or about September 2015. Plaintiff Olabaku Jones, Jr. applied Just For Men® as directed in or about September 2015. In or about September 2015, Plaintiff Olabaku Jones, Jr. suffered a severe reaction to Just For Men® including but not limited to redness, irritation, oozing, weeping, sores, blisters, burning, and permanent skin discoloration.

383.     Plaintiff, Leo Lewis, is and was at all times alleged herein a citizen of the State of Arkansas and currently resides at 504 Street of Plenty, Grady, AR  71644 and brings this action in his individual capacity.

384.     Plaintiff Leo Lewis purchased Just For Men® in or about September 2014. Plaintiff Leo Lewis applied Just For Men® as directed in or about September 2014. In or about September 2014, Plaintiff Leo Lewis suffered a severe reaction to Just For Men® including but not limited to redness, irritation, swelling, oozing, weeping, burning, and anaphylactic shock. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

385.    Plaintiff, James Cochran, is and was at all times alleged herein a citizen of the State of Georgia and currently resides at 2753 Thomas Lane, Augusta, GA 30906 and brings this action in his individual capacity.

386.    Plaintiff James Cochran purchased Just For Men® in or about September 2015. Plaintiff James Cochran applied Just For Men® as directed in or about September 2015. In or about September 2015, Plaintiff James Cochran suffered a severe reaction to Just For Men® including but not limited to irritation, swelling, oozing, weeping, sores, blisters, permanent scarring, and contact dermatitis.

387.    Plaintiff, Leonard Hopper, is and was at all times alleged herein a citizen of the State of Illinois and currently resides at 5927 Iowa St., 1st Fl., Chicago, IL 60651 and brings this action in his individual capacity.

388.    Plaintiff Leonard Hopper purchased Just For Men® in or about March 2016. Plaintiff Leonard Hopper applied Just For Men® as directed in or about March 2016. In or about March 2016, Plaintiff Leonard Hopper suffered a severe reaction to Just For Men® including but not limited to redness, selling, stinging, irritation, oozing, weeping, sores, blisters, and burning.

389.    Plaintiff, Lagrant Starks, is and was at all times alleged herein a citizen of the State of Michigan and currently resides at 2473 Lothrop St., Detroit, MI 48206 and brings this action in his individual capacity.

390.    Plaintiff Lagrant Starks purchased Just For Men® in or about September 2014. Plaintiff Lagrant Starks applied Just For Men® as directed in or about September 2014. In or about September 2014, Plaintiff Lagrant Starks suffered a severe reaction to Just For Men® including but not limited to redness, swelling, stinging, irritation, sores, blisters, and burning. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

391.    Plaintiff, Thomas Oppenheim, is and was at all times alleged herein a citizen of the State of New York and currently resides at 267 Empire Blvd., Brooklyn, NY  11225 and brings this action in his individual capacity.

392.    Plaintiff Thomas Oppenheim purchased Just For Men® in or about August 2014. Plaintiff Thomas Oppenheim applied Just For Men® as directed in or about August 2014. In or about August 2014, Plaintiff Thomas Oppenheim suffered a severe reaction to Just For Men® including but not limited to redness, irritation, stinging, burning, loss of hair, and permanent scarring. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

393.    Plaintiff, Michael McGaha, is and was at all times alleged herein a citizen of the State of North Carolina and currently resides at 7230 Nevada St., Kernersville, NC  27284 and brings this action in his individual capacity.

394.    Plaintiff Michael McGaha purchased Just For Men® in or about August 2014. Plaintiff Michael McGaha applied Just For Men® as directed in or about August 2014. In or about August 2014, Plaintiff Michael McGaha suffered a severe reaction to Just For Men® including but not limited to redness, irritation, swelling, sores, blisters, burning, and contact dermatitis. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

395.    Plaintiff, Jiri George Pribyla, is and was at all times alleged herein a citizen of the State of South Dakota and currently resides at 1000 E 14th St., Apt 315, Sioux Falls, SD  57104 and brings this action in his individual capacity.

396.    Plaintiff Jiri George Pribyla purchased Just For Men® in or about August 2014. Plaintiff Jiri George Pribyla applied Just For Men® as directed in or about August 2014. In or about August 2014, Plaintiff Jiri George Pribyla suffered a severe reaction to Just For Men®

including but not limited to redness, swelling, irritation, sores, blisters, burning rashes, and permanent skin discoloration.

397.    Plaintiff, Edward Alexander, is and was at all times alleged herein a citizen of the District of Columbia and currently resides at 3242 T Street SE, Washington, DC  20020 and brings this action in his individual capacity.

398.    Plaintiff Edward Alexander purchased Just For Men® in or about August 2014. Plaintiff Edward Alexander applied Just For Men® as directed in or about August 2014. In or about August 2014, Plaintiff Edward Alexander suffered a severe reaction to Just For Men® including but not limited to redness, swelling, irritation, rashes, burning, and contact dermatitis. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

399.    Plaintiff, Michael Brewer, Sr., is and was at all times alleged herein a citizen of the State of Florida and currently resides at 2111 Carpetgreen St., Port Charlotte, FL  33948 and brings this action in his individual capacity. However, Plaintiff's reaction to Just For Men® occurred in the State of Arkansas.

400.    Plaintiff Michael Brewer, Sr. purchased Just For Men® in or about July 2014. Plaintiff Michael Brewer, Sr. applied Just For Men® as directed in or about July 2014. In or about August 2014, Plaintiff Michael Brewer, Sr. suffered a severe reaction to Just For Men® including but not limited to redness, swelling, stinging, irritation, oozing, weeping, sores, blisters, burning, and permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

401.    Plaintiff, Carlos Milanes, is and was at all times alleged herein a citizen of the State of Florida and currently resides at 912 W. 81st Pl., Hialeah, FL  33014 and brings this action in his individual capacity.

71

402.    Plaintiff Carlos Milanes purchased Just For Men® in or about October 2013. Plaintiff Carlos Milanes applied Just For Men® as directed in or about October 2013. In or about October 2013, Plaintiff Carlos Milanes suffered a severe reaction to Just For Men® including but not limited to redness, irritation, swelling, stinging, oozing, weeping, sores, blisters, and burning. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

403.    Plaintiff, Eugene Zeigler, is and was at all times alleged herein a citizen of the State of Alabama and currently resides at 749 Darien Dr., Montgomery, AL  36117 and brings this action in his individual capacity.

404.    Plaintiff Eugene Zeigler purchased Just For Men® in or about October 2015. Plaintiff Eugene Zeigler applied Just For Men® as directed in or about October 2015. In or about October 2015, Plaintiff Eugene Zeigler suffered a severe reaction to Just For Men® including but not limited to redness, irritation, swelling, rashes, and permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

405.    Plaintiff, Orie Dowell, is and was at all times alleged herein a citizen of the State of Mississippi and currently resides at 319 Noel St., Greenwood, MS  38930 and brings this action in his individual capacity.

406.    Plaintiff Orie Dowell purchased Just For Men® in or about September 2014. Plaintiff Orie Dowell applied Just For Men® as directed in or about September 2014. In or about September 2014, Plaintiff Orie Dowell suffered a severe reaction to Just For Men® including but not limited to redness, irritation, oozing, weeping, sores, blisters, burning, and permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

407.    Plaintiff, William Ferrell, III, is and was at all times alleged herein a citizen of the State of Michigan and currently resides at 23830 Saravilla Dr., Apt. 3, Clinton Township, MI 48035 and brings this action in his individual capacity.

408.    Plaintiff William Ferrell, III purchased Just For Men® in or about September 2014. Plaintiff William Ferrell, III applied Just For Men® as directed in or about September 2014. In or about September 2014, Plaintiff William Ferrell, III suffered a severe reaction to Just For Men® including but not limited to redness, irritation, stinging, oozing, weeping, sores, blisters, burning, and permanent skin discoloration and scarring.

409.    Plaintiff, Michael Cutts, is and was at all times alleged herein a citizen of the State of Missouri and currently resides at 606 Fremont Ave., Saint Louis, MO  63147 and brings this action in his individual capacity.

410.    Plaintiff Michael Cutts purchased Just For Men® in or about September 2012. Plaintiff Michael Cutts applied Just For Men® as directed in or about September 2012. In or about September 2012, Plaintiff Michael Cutts suffered a severe reaction to Just For Men® including but not limited to redness, irritation, stinging, and burning. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

411.    Plaintiff, Paul Williams, is and was at all times alleged herein a citizen of the State of Maryland and currently resides at 3700 Woodbine Ave, Gwynn Oak, MD  21207 and brings this action in his individual capacity.

412.    Plaintiff Paul Williams purchased Just For Men® in or about September 2014. Plaintiff Paul Williams applied Just For Men® as directed in or about September 2014. In or about September 2014, Plaintiff Paul Williams suffered a severe reaction to Just For Men® including but not limited to irritation, burning, and permanent skin discoloration and scarring. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

73

413.     Plaintiff, Leo Griffin, is and was at all times alleged herein a citizen of the State of North Carolina and currently resides at 530 Lockwood Folly Dr. SE, Bolivia, NC  28422 and brings this action in his individual capacity.

414.     Plaintiff Leo Griffin purchased Just For Men® in or about September 2014. Plaintiff Leo Griffin applied Just For Men® as directed in or about September 2014. In or about September 2014, Plaintiff Leo Griffin suffered a severe reaction to Just For Men® including but not limited to redness, irritation, stinging, sores, blisters, burning rashes, and contact dermatitis.

415.     Plaintiff, Thomas Lynskey, is and was at all times alleged herein a citizen of the State of Massachusetts and currently resides at 82 1/2 Nye St., New Bedford, MA  02746 and brings this action in his individual capacity.

416.     Plaintiff Thomas Lynskey purchased Just For Men® in or about July 2014. Plaintiff Thomas Lynskey applied Just For Men® as directed in or about July 2014. In or about July 2014, Plaintiff Thomas Lynskey suffered a severe reaction to Just For Men® including but not limited to redness, swelling, irritation, stinging, oozing, weeping, sores, blisters, and burning. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

417.     Plaintiff, Ronald Barnett, is and was at all times alleged herein a citizen of the State of Mississippi and currently resides at 517 Hwy 529, Taylorsville, MS  39168 and brings this action in his individual capacity.

418.     Plaintiff Ronald Barnett purchased Just For Men® in or about April 2014. Plaintiff Ronald Barnett applied Just For Men® as directed in or about April 2014. In or about April 2014, Plaintiff Ronald Barnett suffered a severe reaction to Just For Men® including but not limited to redness, irritation, sores, blisters, and permanent skin discoloration.

419.    Plaintiff, Vernon Hunker, is and was at all times alleged herein a citizen of the State of Arizona and currently resides at P.O Box 659, Congress, AZ  85332 and brings this action in his individual capacity.

420.    Plaintiff Vernon Hunker purchased Just For Men® in or about October 2015. Plaintiff Vernon Hunker applied Just For Men® as directed in or about October 2015. In or about October 2015, Plaintiff Vernon Hunker suffered a severe reaction to Just For Men® including but not limited to redness, irritation, stinging, sores, blisters, and burning.

421.    Plaintiff, Scott Willetts, is and was at all times alleged herein a citizen of the State of New York and currently resides at 503 Lake Ave, Saint James, NY  11780 and brings this action in his individual capacity.

422.    Plaintiff Scott Willetts purchased Just For Men® in or about May 2014. Plaintiff Scott Willetts applied Just For Men® as directed in or about May 2014. In or about May 2014, Plaintiff Scott Willetts suffered a severe reaction to Just For Men® including but not limited to redness, irritation, swelling, sores, blisters, burning, permanent scarring, and contact dermatitis. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

423.    Plaintiff, James E Smith, is and was at all times alleged herein a citizen of the State of Pennsylvania and currently resides at 6731 N. 15th St., Apt. 2, Philadelphia, PA  19126 and brings this action in his individual capacity.

424.    Plaintiff James E Smith purchased Just For Men® in or about August 2014. Plaintiff James E Smith applied Just For Men® as directed in or about August 2014. In or about August 2014, Plaintiff James E Smith suffered a severe reaction to Just For Men® including but not limited to redness, irritation, sores, and burning.

425.    Plaintiff, Glenn Watson, is and was at all times alleged herein a citizen of the State of Maryland and currently resides at 4903 55th Ave, Hyattsville, MD 20781 and brings this action in his individual capacity.

426.    Plaintiff Glenn Watson purchased Just For Men® in or about September 2014. Plaintiff Glenn Watson applied Just For Men® as directed in or about September 2014. In or about September 2014, Plaintiff Glenn Watson suffered a severe reaction to Just For Men® including but not limited to redness, irritation, swelling, sores, blisters, burning, and permanent skin discoloration and scarring. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

427.    Plaintiff, Charles Richie, is and was at all times alleged herein a citizen of the State of New York and currently resides at 129 Lorraine St., Apt. 2C, Brooklyn, NY 11231 and brings this action in his individual capacity.

428.    Plaintiff Charles Richie purchased Just For Men® in or about September 2014. Plaintiff Charles Richie applied Just For Men® as directed in or about September 2014. In or about September 2014, Plaintiff Charles Richie suffered a severe reaction to Just For Men® including but not limited to redness, swelling, irritation, oozing, weeping, burning, and permanent scarring. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

429.    Plaintiff, James Stopford, is and was at all times alleged herein a citizen of the State of Michigan and currently resides at 8815 Aveling Way, Richland, MI 49083 and brings this action in his individual capacity.

430.    Plaintiff James Stopford purchased Just For Men® in or about September 2014. Plaintiff James Stopford applied Just For Men® as directed in or about September 2014. In or about September 2014, Plaintiff James Stopford suffered a severe reaction to Just For Men®

including but not limited to redness, swelling, oozing, weeping, sores, blisters, contact dermatitis, and respiratory distress.

431.    Plaintiff, Robert Grate, Sr., is and was at all times alleged herein a citizen of the State of New York and currently resides at 240 West 167th St., Apt. 3D, Bronx, NY 10452 and brings this action in his individual capacity.

432.    Plaintiff Robert Grate, Sr. purchased Just For Men® in or about September 2014. Plaintiff Robert Grate, Sr. applied Just For Men® as directed in or about September 2014. In or about September 2014, Plaintiff Robert Grate, Sr. suffered a severe reaction to Just For Men® including but not limited to redness, swelling, stinging, irritation, oozing, weeping, sores, blisters, burning, and permanent skin discoloration and scarring. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

433.    Plaintiff, Dennis Partee, is and was at all times alleged herein a citizen of the State of Mississippi and currently resides at 7734 Brierfield Dr. East, Southaven, MS 38672 and brings this action in his individual capacity.

434.    Plaintiff Dennis Partee purchased Just For Men® in or about September 2014. Plaintiff Dennis Partee applied Just For Men® as directed in or about September 2014. In or about September 2014, Plaintiff Dennis Partee suffered a severe reaction to Just For Men® including but not limited to redness, irritation, swelling, weeping, sores, blisters, and burning. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

435.    Plaintiff, Willie Collins, is and was at all times alleged herein a citizen of the State of New York and currently resides at 71 Webster Ave, Rochester, NY 14609 and brings this action in his individual capacity.

436.    Plaintiff Willie Collins purchased Just For Men® in or about September 2014. Plaintiff Willie Collins applied Just For Men® as directed in or about September 2014. In or

about September 2014, Plaintiff Willie Collins suffered a severe reaction to Just For Men® including but not limited to redness, swelling, stinging, irritation, oozing, weeping, sores, blisters, burning, and permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

437.    Plaintiff, Johnnie Knox, is and was at all times alleged herein a citizen of the State of Florida and currently resides at 7244 Java Dr., Sarasota, FL 34241 and brings this action in his individual capacity. However, Plaintiff's reaction to Just For Men® occurred in the State of South Carolina.

438.    Plaintiff Johnnie Knox purchased Just For Men® in or about December 2014. Plaintiff Johnnie Knox applied Just For Men® as directed in or about December 2014. In or about December 2014, Plaintiff Johnnie Knox suffered a severe reaction to Just For Men® including but not limited to redness, swelling, irritation, oozing, weeping, sores, blisters, and burning. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

439.    Plaintiff, Michael Williams, is and was at all times alleged herein a citizen of the State of New Jersey and currently resides at 190 Custer Ave, Newark, NJ 07112 and brings this action in his individual capacity.

440.    Plaintiff Michael Williams purchased Just For Men® in or about October 2015. Plaintiff Michael Williams applied Just For Men® as directed in or about October 2015. In or about October 2015, Plaintiff Michael Williams suffered a severe reaction to Just For Men® including but not limited to redness, swelling, irritation, oozing, weeping, sores, blisters, burning, and permanent skin discoloration and scarring.

441.    Plaintiff, Michael Edge, is and was at all times alleged herein a citizen of the State of Alabama and currently resides at 1040 County Road 1564, Baileyton, AL 35019 and brings this action in his individual capacity.

442.    Plaintiff Michael Edge purchased Just For Men® in or about October 2015. Plaintiff Michael Edge applied Just For Men® as directed in or about October 2015. In or about October 2015, Plaintiff Michael Edge suffered a severe reaction to Just For Men® including but not limited to redness, irritation, swelling, oozing, weeping, sores, blisters, burning rashes, and permanent skin discoloration and scarring.

443.    Plaintiff, Roger Totaram, is and was at all times alleged herein a citizen of the State of Maryland and currently resides at 2900 Leka Dr., Huntingtown, MD  20639 and brings this action in his individual capacity.

444.    Plaintiff Roger Totaram purchased Just For Men® in or about August 2014. Plaintiff Roger Totaram applied Just For Men® as directed in or about August 2014. In or about December 2014, Plaintiff Roger Totaram suffered a severe reaction to Just For Men® including but not limited to redness, irritation, sores, and burning. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment

445.    Plaintiff, George Sandoval , is and was at all times alleged herein a citizen of the State of Texas and currently resides at 9431 Lettie Ave, Houston, TX  77075 and brings this action in his individual capacity.

446.    Plaintiff George Sandoval purchased Just For Men® in or about October 2015. Plaintiff George Sandoval applied Just For Men® as directed in or about October 2015. In or about October 2015, Plaintiff George Sandoval suffered a severe reaction to Just For Men® including but not limited to redness, irritation, swelling, stinging, oozing, weeping, sores, blisters, and burning. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

447. Plaintiff, Jeff Bridwell, is and was at all times alleged herein a citizen of the State of Georgia and currently resides at 984 Overlook Dr., Dawsonville, GA 30534 and brings this action in his individual capacity.

448. Plaintiff Jeff Bridwell purchased Just For Men® in or about October 2015. Plaintiff Jeff Bridwell applied Just For Men® as directed in or about October 2015. In or about October 2015, Plaintiff Jeff Bridwell suffered a severe reaction to Just For Men® including but not limited to redness, irritation, sores, blisters, and burning.

449. Plaintiff, Dan Jablonski, is and was at all times alleged herein a citizen of the State of Alaska and currently resides at 1925 Davis Rd, Apt D5, Juneau, AK 99801 and brings this action in his individual capacity. However, Plaintiff's reaction to Just For Men® occurred in the State of California.

450. Plaintiff Dan Jablonski purchased Just For Men® in or about October 2015. Plaintiff Dan Jablonski applied Just For Men® as directed in or about October 2015. In or about October 2015, Plaintiff Dan Jablonski suffered a severe reaction to Just For Men® including but not limited to redness, irritation, swelling, oozing, weeping, sores, blisters, burning, and permanent skin discoloration and scarring.

451. Plaintiff, Bryan Carter, is and was at all times alleged herein a citizen of the State of Pennsylvania and currently resides at 310 E. Upsal St., Phila, PA 19119 and brings this action in his individual capacity.

452. Plaintiff Bryan Carter purchased Just For Men® in or about September 2015. Plaintiff Bryan Carter applied Just For Men® as directed in or about September 2015. In or about October 2015, Plaintiff Bryan Carter suffered a severe reaction to Just For Men® including but not limited to redness, irritation, sores, and burning.

453.    Plaintiff, Luis Perez, is and was at all times alleged herein a citizen of the State of New Jersey and currently resides at 164 Columbia Ave., Jersey City, NJ  07307 and brings this action in his individual capacity.

454.    Plaintiff Luis Perez purchased Just For Men® in or about October 2015. Plaintiff Luis Perez applied Just For Men® as directed in or about October 2015. In or about October 2015, Plaintiff Luis Perez suffered a severe reaction to Just For Men® including but not limited to redness, irritation, swelling, sores, blisters, burning, and respiratory distress. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

455.    Plaintiff, Lawrence Deshazo, is and was at all times alleged herein a citizen of the State of North Carolina and currently resides at 2411 Bromley Park Dr., Winston Salem, NC 27103 and brings this action in his individual capacity.

456.    Plaintiff Lawrence Deshazo purchased Just For Men® in or about October 2014. Plaintiff Lawrence Deshazo applied Just For Men® as directed in or about October 2014. In or about October 2014, Plaintiff Lawrence Deshazo suffered a severe reaction to Just For Men® including but not limited to redness, irritation, oozing, weeping, sores, blisters, burning, contact dermatitis, and permanent skin discoloration and scarring. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

457.    Plaintiff, Ronnie Lacks, is and was at all times alleged herein a citizen of the State of Virginia and currently resides at 204 Big Run Road, Covington, VA  24426 and brings this action in his individual capacity.

458.    Plaintiff Ronnie Lacks purchased Just For Men® in or about September 2015. Plaintiff Ronnie Lacks applied Just For Men® as directed in or about September 2015. In or about September 2015, Plaintiff Ronnie Lacks suffered a severe reaction to Just For Men® including but not limited to redness, irritation, swelling, stinging, sores, blisters, burning, and

permanent skin discoloration and scarring. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

459.   Plaintiff, Dwayne Lake, is and was at all times alleged herein a citizen of the State of Illinois and currently resides at 5710 S. May St., 1st Fl., Chicago, IL  60621 and brings this action in his individual capacity.

460.   Plaintiff Dwayne Lake purchased Just For Men® in or about December 2015. Plaintiff Dwayne Lake applied Just For Men® as directed in or about December 2015. In or about December 2015, Plaintiff Dwayne Lake suffered a severe reaction to Just For Men® including but not limited to redness, irritation, rashes, burning, and permanent scarring. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

461.   Plaintiff, Kyle Ross, is and was at all times alleged herein a citizen of the State of Georgia and currently resides at 2393 Manalway, Douglasville, GA  30135 and brings this action in his individual capacity.

462.   Plaintiff Kyle Ross purchased Just For Men® in or about September 2015. Plaintiff Kyle Ross applied Just For Men® as directed in or about September 2015. In or about September 2015, Plaintiff Kyle Ross suffered a severe reaction to Just For Men® including but not limited to redness, irritation, weeping, sores, blisters, and burning. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

463.   Plaintiff, Joseph Jaime, is and was at all times alleged herein a citizen of the State of Texas and currently resides at 9506 Magnolia Ridge, Houston, TX  77070 and brings this action in his individual capacity.

464.   Plaintiff Joseph Jaime purchased Just For Men® in or about October 2015. Plaintiff Joseph Jaime applied Just For Men® as directed in or about October 2015. In or about October 2015, Plaintiff Joseph Jaime suffered a severe reaction to Just For Men® including but

not limited to redness, irritation, swelling and burning. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

465.    Plaintiff, Braulio Torres, is and was at all times alleged herein a citizen of the State of California and currently resides at 2094 Forest Ave, Apt. 114, San Jose, CA 95128 and brings this action in his individual capacity.

466.    Plaintiff Braulio Torres purchased Just For Men® in or about October 2015. Plaintiff Braulio Torres applied Just For Men® as directed in or about October 2015. In or about October 2015, Plaintiff Braulio Torres suffered a severe reaction to Just For Men® including but not limited to redness, irritation, sores, burning of his hands and body, and permanent skin discoloration and scarring. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

467.    Plaintiff, Terrence Alston, is and was at all times alleged herein a citizen of the State of Pennsylvania and currently resides at 947 Bridge St., Philadelphia, PA 19124 and brings this action in his individual capacity.

468.    Plaintiff Terrence Alston purchased Just For Men® in or about October 2015. Plaintiff Terrence Alston applied Just For Men® as directed in or about October 2015. In or about October 2015, Plaintiff Terrence Alston suffered a severe reaction to Just For Men® including but not limited to redness, irritation, swelling, sores, blisters, and burning. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

469.    Plaintiff, Byron Mitchell, is and was at all times alleged herein a citizen of the State of Missouri and currently resides at 29385 Highway 133 N, Richland, MO 65556 and brings this action in his individual capacity. However, Plaintiff's reaction to Just For Men® occurred in the State of Texas.

470.     Plaintiff Byron Mitchell purchased Just For Men® in or about October 2015. Plaintiff Byron Mitchell applied Just For Men® as directed in or about October 2015. In or about December 2015, Plaintiff Byron Mitchell suffered a severe reaction to Just For Men® including but not limited to redness, irritation, burning, and permanent skin discoloration and scarring.

471.     Plaintiff, Gerald Anderson, is and was at all times alleged herein a citizen of the State of Oregon and currently resides at 605 E Hereford St., Gladstone, OR  97027 and brings this action in his individual capacity.

472.     Plaintiff Gerald Anderson purchased Just For Men® in or about October 2015. Plaintiff Gerald Anderson applied Just For Men® as directed in or about October 2015. In or about October 2015, Plaintiff Gerald Anderson suffered a severe reaction to Just For Men® including but not limited to redness, irritation, swelling, oozing, sores, blisters, and burning. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

473.     Plaintiff, James Williams, is and was at all times alleged herein a citizen of the State of Texas and currently resides at 4722 Meadow St., Apt. 1804, Dallas, TX  75215 and brings this action in his individual capacity.

474.     Plaintiff James Williams purchased Just For Men® in or about October 2015. Plaintiff James Williams applied Just For Men® as directed in or about October 2015. In or about October 2015, Plaintiff James Williams suffered a severe reaction to Just For Men® including but not limited to redness, irritation, swelling, burning, and permanent scarring. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

475.     Plaintiff, Donald Anderson, is and was at all times alleged herein a citizen of the State of California and currently resides at 104 Yukon Ave, Apt 14, Hawthorne, CA  90250 and brings this action in his individual capacity.

476.     Plaintiff Donald Anderson purchased Just For Men® in or about October 2015. Plaintiff Donald Anderson applied Just For Men® as directed in or about October 2015. In or about October 2015, Plaintiff Donald Anderson suffered a severe reaction to Just For Men® including but not limited to redness, irritation, bumps, burning, and permanent scarring. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

477.     Plaintiff, Michael Garcia, is and was at all times alleged herein a citizen of the State of California and currently resides at PO Box 331, Biola, CA 93606 and brings this action in his individual capacity.

478.     Plaintiff Michael Garcia purchased Just For Men® in or about May 2015. Plaintiff Michael Garcia applied Just For Men® as directed in or about May 2015. In or about May 2015, Plaintiff Michael Garcia suffered a severe reaction to Just For Men® including but not limited to redness, irritation, swelling, oozing, weeping, sores, blisters, burning, severe neck pain, and permanent skin discoloration and scarring. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

479.     Plaintiff, James Hicklin, is and was at all times alleged herein a citizen of the State of Delaware and currently resides at 1901 N Market St., Wilmington, DE 19802 and brings this action in his individual capacity.

480.     Plaintiff James Hicklin purchased Just For Men® in or about October 2015. Plaintiff James Hicklin applied Just For Men® as directed in or about October 2015. In or about October 2015, Plaintiff James Hicklin suffered a severe reaction to Just For Men® including but not limited to irritation, swelling, stinging, sores, and burning. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

481.    Plaintiff, Steve Harris, is and was at all times alleged herein a citizen of the State of California and currently resides at 30012 Highway 395, Escondido, CA  92026 and brings this action in his individual capacity.

482.    Plaintiff Steve Harris purchased Just For Men® in or about October 2015. Plaintiff Steve Harris applied Just For Men® as directed in or about October 2015. In or about October 2015, Plaintiff Steve Harris suffered a severe reaction to Just For Men® including but not limited to redness, irritation, sores, and chemical burning. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

483.    Plaintiff, Sean Hopps, is and was at all times alleged herein a citizen of the State of Illinois and currently resides at 1360 E. 52nd St., Apt. 3N, Chicago, IL  60615 and brings this action in his individual capacity.

484.    Plaintiff Sean Hopps purchased Just For Men® in or about October 2015. Plaintiff Sean Hopps applied Just For Men® as directed in or about October 2015. In or about October 2015, Plaintiff Sean Hopps suffered a severe reaction to Just For Men® including but not limited to irritation, sores, blisters, burning, and permanent skin discoloration and scarring.

485.    Plaintiff, John Lopez, is and was at all times alleged herein a citizen of the State of Texas and currently resides at 729 Mimosa St., Fresno, TX  77545 and brings this action in his individual capacity.

486.    Plaintiff John Lopez purchased Just For Men® in or about October 2015. Plaintiff John Lopez applied Just For Men® as directed in or about October 2015. In or about November 2015, Plaintiff John Lopez suffered a severe reaction to Just For Men® including but not limited to irritation, sores, blisters, burning, and permanent scarring. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

487.     Plaintiff, Julio Barzallo, is and was at all times alleged herein a citizen of the State of Ohio and currently resides at 4341 Montgomery Rd., Apt 7, Cincinnati, OH 45212 and brings this action in his individual capacity.

488.     Plaintiff Julio Barzallo purchased Just For Men® in or about December 2015. Plaintiff Julio Barzallo applied Just For Men® as directed in or about December 2015. In or about December 2015, Plaintiff Julio Barzallo suffered a severe reaction to Just For Men® including but not limited to redness, irritation, swelling, sores, blisters, and burning. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

489.     Plaintiff, Reginald Scott, is and was at all times alleged herein a citizen of the State of Texas and currently resides at 4620 N Braeswood Blvd., Apt. 332, Houston, TX 77096 and brings this action in his individual capacity.

490.     Plaintiff Reginald Scott purchased Just For Men® in or about October 2015. Plaintiff Reginald Scott applied Just For Men® as directed in or about October 2015. In or about October 2015, Plaintiff Reginald Scott suffered a severe reaction to Just For Men® including but not limited to redness, irritation, bumps, burning, and permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

491.     Plaintiff, Carl Waller, is and was at all times alleged herein a citizen of the State of Maryland and currently resides at 7252 Lasting Light Way, Columbia, MD 21045 and brings this action in his individual capacity.

492.     Plaintiff Carl Waller purchased Just For Men® in or about December 2015. Plaintiff Carl Waller applied Just For Men® as directed in or about December 2015. In or about December 2015, Plaintiff Carl Waller suffered a severe reaction to Just For Men® including but not limited to redness, irritation, swelling, sores, blisters, burning, and permanent skin

discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

493.    Plaintiff, Arthur Grant, is and was at all times alleged herein a citizen of the State of Texas and currently resides at 3907 Floral Way Ct., Fresno, TX 77545 and brings this action in his individual capacity.

494.    Plaintiff Arthur Grant purchased Just For Men® in or about September 2015. Plaintiff Arthur Grant applied Just For Men® as directed in or about September 2015. In or about September 2015, Plaintiff Arthur Grant suffered a severe reaction to Just For Men® including but not limited to irritation, swelling, weeping, sores, blisters, and burning.

495.    Plaintiff, Masood Alvi, is and was at all times alleged herein a citizen of the State of Maryland and currently resides at 9723 Eustice Rd., Randallstown, MD 21133 and brings this action in his individual capacity.

496.    Plaintiff Masood Alvi purchased Just For Men® in or about May 2015. Plaintiff Masood Alvi applied Just For Men® as directed in or about May 2015. In or about May 2015, Plaintiff Masood Alvi suffered a severe reaction to Just For Men® including but not limited to irritation, swelling, sores, blisters, and burning. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

497.    Plaintiff, Brandon Hurt, is and was at all times alleged herein a citizen of the State of California and currently resides at 13271 Pattylynn Dr., Moreno Valley, CA 92553 and brings this action in his individual capacity.

498.    Plaintiff Brandon Hurt purchased Just For Men® in or about October 2015. Plaintiff Brandon Hurt applied Just For Men® as directed in or about October 2015. In or about October 2015, Plaintiff Brandon Hurt suffered a severe reaction to Just For Men® including but

not limited to redness, irritation, facial swelling, burning, and permanent scarring. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

499.     Plaintiff, Ricky Cooper, is and was at all times alleged herein a citizen of the State of Ohio and currently resides at 1862 Lake Noll Ave, Apt. B, Cincinnati, OH  45231 and brings this action in his individual capacity.

500.     Plaintiff Ricky Cooper purchased Just For Men® in or about October 2015. Plaintiff Ricky Cooper applied Just For Men® as directed in or about October 2015. In or about December 2015, Plaintiff Ricky Cooper suffered a severe reaction to Just For Men® including but not limited to irritation, swelling, stinging, oozing, weeping, sores, blisters, burning, and permanent skin discoloration.

501.     Plaintiff, Mike Tyson, is and was at all times alleged herein a citizen of the State of Ohio and currently resides at 3618 Antisdale Rd., Cleveland Heights, OH  44118 and brings this action in his individual capacity.

502.     Plaintiff Mike Tyson purchased Just For Men® in or about October 2015. Plaintiff Mike Tyson applied Just For Men® as directed in or about October 2015. In or about October 2015, Plaintiff Mike Tyson suffered a severe reaction to Just For Men® including but not limited to redness, irritation, swelling, oozing, weeping, sores, blisters, burning, and permanent skin discoloration and scarring. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

503.     Plaintiff, John White, is and was at all times alleged herein a citizen of the State of Ohio and currently resides at 23669 Shurmer Rd., Warrensville Heights, OH  44128 and brings this action in his individual capacity.

504.     Plaintiff John White purchased Just For Men® in or about October 2015. Plaintiff John White applied Just For Men® as directed in or about October 2015. In or about October

2015, Plaintiff John White suffered a severe reaction to Just For Men® including but not limited to redness, irritation, swelling, stinging, oozing, weeping, sores, blisters, burning, and permanent skin discoloration and scarring. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

505.    Plaintiff, Jose Mercado, is and was at all times alleged herein a citizen of the State of Ohio and currently resides at 3898 Harold Dr., Richfield, OH 44114 and brings this action in his individual capacity.

506.    Plaintiff Jose Mercado purchased Just For Men® in or about October 2015. Plaintiff Jose Mercado applied Just For Men® as directed in or about October 2015. In or about October 2015, Plaintiff Jose Mercado suffered a severe reaction to Just For Men® including but not limited to redness, irritation, swelling, oozing, weeping, sores, blisters, burning, and permanent scarring.

507.    Plaintiff, Frank Head, III, is and was at all times alleged herein a citizen of the State of Texas and currently resides at 800 Terracotta Ct, Harker Heights, TX 76548 and brings this action in his individual capacity.

508.    Plaintiff Frank Head, III purchased Just For Men® in or about October 2015. Plaintiff Frank Head, III applied Just For Men® as directed in or about October 2015. In or about October 2015, Plaintiff Frank Head, III suffered a severe reaction to Just For Men® including but not limited to redness, irritation, swelling, burning, and permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

509.    Plaintiff, Sajad Shakoor, is and was at all times alleged herein a citizen of the State of California and currently resides at 1030 Hutchins Ave, Suite 4-115, Lodi, CA 95240 and brings this action in his individual capacity.

510.    Plaintiff Sajad Shakoor purchased Just For Men® in or about October 2015. Plaintiff Sajad Shakoor applied Just For Men® as directed in or about October 2015. In or about October 2015, Plaintiff Sajad Shakoor suffered a severe reaction to Just For Men® including but not limited to redness, swelling, irritation, oozing, weeping, sores, blisters, and burning. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

511.    Plaintiff, Johnny Mimms, is and was at all times alleged herein a citizen of the State of Texas and currently resides at 12500 Melville Dr., Unit 238D, Montgomery, TX  77356 and brings this action in his individual capacity.

512.    Plaintiff Johnny Mimms purchased Just For Men® in or about October 2015. Plaintiff Johnny Mimms applied Just For Men® as directed in or about October 2015. In or about November 2015, Plaintiff Johnny Mimms suffered a severe reaction to Just For Men® including but not limited to itching, irritation, and permanent skin discoloration.

513.    Plaintiff, Andre Hughes, is and was at all times alleged herein a citizen of the State of Ohio and currently resides at 24490 Ridgelane, Bedford Heights, OH  44146 and brings this action in his individual capacity.

514.    Plaintiff Andre Hughes purchased Just For Men® in or about October 2015. Plaintiff Andre Hughes applied Just For Men® as directed in or about October 2015. In or about October 2015, Plaintiff Andre Hughes suffered a severe reaction to Just For Men® including but not limited to redness, irritation, swelling, oozing, weeping, sores, blisters, burning, vitiligo, and permanent skin discoloration and scarring. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

515.    Plaintiff, Leon Buckner, Jr., is and was at all times alleged herein a citizen of the State of Ohio and currently resides at 2854 Western Ridge Rd., Cincinnati, OH  45239 and brings this action in his individual capacity.

516.    Plaintiff Leon Buckner, Jr purchased Just For Men® in or about October 2015. Plaintiff Leon Buckner, Jr applied Just For Men® as directed in or about October 2015. In or about October 2015, Plaintiff Leon Buckner, Jr suffered a severe reaction to Just For Men® including but not limited to irritation, swelling, oozing, weeping, sores, blisters, burning, and permanent skin discoloration and scarring. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

517.    Plaintiff, Donald Harlin, is and was at all times alleged herein a citizen of the State of Arizona and currently resides at 11614 W Columbine Dr., El Mirage, AZ  85335 and brings this action in his individual capacity.

518.    Plaintiff Donald Harlin purchased Just For Men® in or about October 2015. Plaintiff Donald Harlin applied Just For Men® as directed in or about November 2015. In or about November 2015, Plaintiff Donald Harlin suffered a severe reaction to Just For Men® including but not limited to redness, swelling, irritation, oozing, weeping, sores, blisters, burning, and permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

519.    Plaintiff, Kenneth Davis, III, is and was at all times alleged herein a citizen of the State of California and currently resides at 200 South Bearington Ave 1811, Los Angeles, CA 90049 and brings this action in his individual capacity.

520.    Plaintiff Kenneth Davis, III purchased Just For Men® in or about October 2015. Plaintiff Kenneth Davis, III applied Just For Men® as directed in or about October 2015. In or about October 2015, Plaintiff Kenneth Davis, III suffered a severe reaction to Just For Men® including but not limited to redness, irritation, sores, blisters, burning, and permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

521.    Plaintiff, Eddie Washington, Jr., is and was at all times alleged herein a citizen of the State of Georgia and currently resides at 291 Plantation Centre Dr. N., Apt. 2808, Macon, GA 31210 and brings this action in his individual capacity.

522.    Plaintiff Eddie Washington, Jr. purchased Just For Men® in or about October 2015. Plaintiff Eddie Washington, Jr. applied Just For Men® as directed in or about October 2015. In or about October 2015, Plaintiff Eddie Washington, Jr. suffered a severe reaction to Just For Men® including but not limited to redness, irritation, swelling, stinging, oozing, weeping, sores, blisters, burning, and permanent skin discoloration and scarring. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

523.    Plaintiff, Lucian Landers, is and was at all times alleged herein a citizen of the State of Michigan and currently resides at 909 E. Jolly Rd., Apt #5, Lansing, MI 48910 and brings this action in his individual capacity.

524.    Plaintiff Lucian Landers purchased Just For Men® in or about October 2015. Plaintiff Lucian Landers applied Just For Men® as directed in or about October 2015. In or about November 2015, Plaintiff Lucian Landers suffered a severe reaction to Just For Men® including but not limited to irritation, chemical burning, and permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

525.    Plaintiff, Reginald Thomas, is and was at all times alleged herein a citizen of the State of Ohio and currently resides at 9602 Sandusky Ave, Cleveland, OH 44105 and brings this action in his individual capacity.

526.    Plaintiff Reginald Thomas purchased Just For Men® in or about October 2015. Plaintiff Reginald Thomas applied Just For Men® as directed in or about October 2015. In or about October 2015, Plaintiff Reginald Thomas suffered a severe reaction to Just For Men® including but not limited to irritation, itching, blisters, burning, and permanent skin discoloration

and scarring. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

527.     Plaintiff, Jerome Sturdivant, is and was at all times alleged herein a citizen of the State of Illinois and currently resides at 739 N Spadling, Chicago, IL  60624 and brings this action in his individual capacity.

528.     Plaintiff Jerome Sturdivant purchased Just For Men® in or about October 2015. Plaintiff Jerome Sturdivant applied Just For Men® as directed in or about October 2015. In or about October 2015, Plaintiff Jerome Sturdivant suffered a severe reaction to Just For Men® including but not limited to irritation, swelling, chemical burning, and permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

529.     Plaintiff, Andrew Martin, is and was at all times alleged herein a citizen of the State of Ohio and currently resides at 885 Helmsdale Rd., Cleveland Heights, OH  44112 and brings this action in his individual capacity.

530.     Plaintiff Andrew Martin purchased Just For Men® in or about October 2015. Plaintiff Andrew Martin applied Just For Men® as directed in or about October 2015. In or about October 2015, Plaintiff Andrew Martin suffered a severe reaction to Just For Men® including but not limited to redness, irritation, swelling, stinging, oozing, weeping, sores, blisters, and burning. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

531.     Plaintiff, Kevin Domino, is and was at all times alleged herein a citizen of the State of California and currently resides at 1029 Barrows Dr., Suisun City, CA  94585 and brings this action in his individual capacity.

532.    Plaintiff Kevin Domino purchased Just For Men® in or about October 2015. Plaintiff Kevin Domino applied Just For Men® as directed in or about October 2015. In or about October 2015, Plaintiff Kevin Domino suffered a severe reaction to Just For Men® including but not limited to redness, irritation, oozing, sores, blisters, and burning. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

533.    Plaintiff, Gerald Stewart, is and was at all times alleged herein a citizen of the State of Massachusetts and currently resides at 784 Washington St., Apt 404, Dorchester, MA 02124 and brings this action in his individual capacity.

534.    Plaintiff Gerald Stewart purchased Just For Men® in or about January 2015. Plaintiff Gerald Stewart applied Just For Men® as directed in or about January 2015. In or about January 2015, Plaintiff Gerald Stewart suffered a severe reaction to Just For Men® including but not limited to irritation, swelling, weeping, sores, blisters, burning, and permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

535.    Plaintiff, Vincent Leverett, is and was at all times alleged herein a citizen of the State of Georgia and currently resides at 1609 Buford Ave., Columbus, GA  31903 and brings this action in his individual capacity.

536.    Plaintiff Vincent Leverett purchased Just For Men® in or about October 2015. Plaintiff Vincent Leverett applied Just For Men® as directed in or about October 2015. In or about October 2015, Plaintiff Vincent Leverett suffered a severe reaction to Just For Men® including but not limited to redness, irritation, swelling, sores, blisters, and chemical burning. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

537.    Plaintiff, Rodney Garnett, is and was at all times alleged herein a citizen of the State of Ohio and currently resides at 807 Clearview Rd., Akron, OH  44314 and brings this action in his individual capacity.

538.    Plaintiff Rodney Garnett purchased Just For Men® in or about October 2015. Plaintiff Rodney Garnett applied Just For Men® as directed in or about October 2015. In or about January 2016, Plaintiff Rodney Garnett suffered a severe reaction to Just For Men® including but not limited to redness, irritation, swelling, stinging, oozing, weeping, sores, blisters, burning, and permanent skin discoloration and scarring. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

539.    Plaintiff, Elroy Casey, Jr., is and was at all times alleged herein a citizen of the State of North Carolina and currently resides at 4831 McClure Rd., Charlotte, NC  28216 and brings this action in his individual capacity.

540.    Plaintiff Elroy Casey, Jr. purchased Just For Men® in or about October 2014. Plaintiff Elroy Casey, Jr. applied Just For Men® as directed in or about October 2014. In or about October 2014, Plaintiff Elroy Casey, Jr. suffered a severe reaction to Just For Men® including but not limited to redness, irritation, swelling, oozing, weeping, sores, blisters, chemical burning. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

541.    Plaintiff, Randy Gates, is and was at all times alleged herein a citizen of the State of Colorado and currently resides at 1567 Tamarac St., Denver, CO  80220 and brings this action in his individual capacity.

542.    Plaintiff Randy Gates purchased Just For Men® in or about October 2015. Plaintiff Randy Gates applied Just For Men® as directed in or about October 2015. In or about January 2016, Plaintiff Randy Gates suffered a severe reaction to Just For Men® including but not limited to irritation, sores, blisters, chemical burning, and permanent skin discoloration.

543.   Plaintiff, Curtis Rhett, is and was at all times alleged herein a citizen of the State of New York and currently resides at 17 Davadge Rd., Middletown, NY  10940 and brings this action in his individual capacity.

544.   Plaintiff Curtis Rhett purchased Just For Men® in or about November 2014. Plaintiff Curtis Rhett applied Just For Men® as directed in or about November 2014. In or about November 2014, Plaintiff Curtis Rhett suffered a severe reaction to Just For Men® including but not limited to irritation, sores, blisters, burning, and permanent scarring. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

545.   Plaintiff, Johnny Cooke, is and was at all times alleged herein a citizen of the State of New Jersey and currently resides at 650 Park Ave., Unit 113, East Orange, NJ  07017 and brings this action in his individual capacity.

546.   Plaintiff Johnny Cooke purchased Just For Men® in or about October 2015. Plaintiff Johnny Cooke applied Just For Men® as directed in or about October 2015. In or about October 2015, Plaintiff Johnny Cooke suffered a severe reaction to Just For Men® including but not limited to redness, irritation, burning, and permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

547.   Plaintiff, Clarence Green, is and was at all times alleged herein a citizen of the State of New York and currently resides at 2782 Sampson Ave., Bronx, NY  10465 and brings this action in his individual capacity.

548.   Plaintiff Clarence Green purchased Just For Men® in or about October 2014. Plaintiff Clarence Green applied Just For Men® as directed in or about October 2014. In or about October 2014, Plaintiff Clarence Green suffered a severe reaction to Just For Men® including but not limited to redness, irritation, swelling, oozing, weeping, sores, blisters, burning, and

permanent skin discoloration and scarring. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

549.    Plaintiff, Mandrill Martin, is and was at all times alleged herein a citizen of the State of South Carolina and currently resides at 146 Brook Bend Rd., Mauldin, SC 29662 and brings this action in his individual capacity.

550.    Plaintiff Mandrill Martin purchased Just For Men® in or about October 2015. Plaintiff Mandrill Martin applied Just For Men® as directed in or about October 2015. In or about October 2015, Plaintiff Mandrill Martin suffered a severe reaction to Just For Men® including but not limited to redness, irritation, swelling, weeping, sores, blisters, and burning. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

551.    Plaintiff, Vincent Hellens, is and was at all times alleged herein a citizen of the State of California and currently resides at 2677 E 56 Way, Apt. 2, Long Beach, CA 90805 and brings this action in his individual capacity.

552.    Plaintiff Vincent Hellens purchased Just For Men® in or about October 2015. Plaintiff Vincent Hellens applied Just For Men® as directed in or about October 2015. In or about October 2015, Plaintiff Vincent Hellens suffered a severe reaction to Just For Men® including but not limited to redness, irritation, chemical burning, and permanent skin discoloration and scarring. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

553.    Plaintiff, John Johnson, is and was at all times alleged herein a citizen of the State of California and currently resides at 1515 Market St., San Pablo, CA 94806 and brings this action in his individual capacity.

554.    Plaintiff John Johnson purchased Just For Men® in or about October 2015. Plaintiff John Johnson applied Just For Men® as directed in or about October 2015. In or about

October 2015, Plaintiff John Johnson suffered a severe reaction to Just For Men® including but not limited to redness, irritation, swelling, oozing, weeping, sores, blisters, burning, and permanent skin discoloration and scarring. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

555.     Plaintiff, Willie Hutchinson, is and was at all times alleged herein a citizen of the State of Ohio and currently resides at 14721 Alder St., East Cleveland, OH  44112 and brings this action in his individual capacity.

556.     Plaintiff Willie Hutchinson purchased Just For Men® in or about October 2015. Plaintiff Willie Hutchinson applied Just For Men® as directed in or about October 2015. In or about March 2016, Plaintiff Willie Hutchinson suffered a severe reaction to Just For Men® including but not limited to redness, irritation, swelling, oozing, weeping, sores, blisters, burning, and permanent skin discoloration and scarring.

557.     Plaintiff, Christopher Grundy, is and was at all times alleged herein a citizen of the State of Texas and currently resides at 1607 Vera Way, Round Rock, TX  78664 and brings this action in his individual capacity.

558.     Plaintiff Christopher Grundy purchased Just For Men® in or about November 2015. Plaintiff Christopher Grundy applied Just For Men® as directed in or about November 2015. In or about November 2015, Plaintiff Christopher Grundy suffered a severe reaction to Just For Men® including but not limited to redness, irritation, chemical burning, and permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

559.     Plaintiff, Neil Hairston, is and was at all times alleged herein a citizen of the State of Arizona and currently resides at 4424 E. Baseline Rd., Apt. 1234, Phoenix, AZ  85042 and brings this action in his individual capacity.

560.    Plaintiff Neil Hairston purchased Just For Men® in or about October 2015. Plaintiff Neil Hairston applied Just For Men® as directed in or about October 2015. In or about October 2015, Plaintiff Neil Hairston suffered a severe reaction to Just For Men® including but not limited to redness, irritation, stinging, sores, blisters, burning, and permanent skin discoloration.

561.    Plaintiff, James Busby, is and was at all times alleged herein a citizen of the State of Texas and currently resides at 7501 Chesterfield Dr., Apt. 407, Dallas, TX 75237 and brings this action in his individual capacity.

562.    Plaintiff James Busby purchased Just For Men® in or about October 2015. Plaintiff James Busby applied Just For Men® as directed in or about October 2015. In or about October 2015, Plaintiff James Busby suffered a severe reaction to Just For Men® including but not limited to redness, irritation, chemical burning, and permanent skin discoloration and scarring. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

563.    Plaintiff, Charles Mamou, is and was at all times alleged herein a citizen of the State of Texas and currently resides at 13330 Innshire Ln., Houston, TX 77045 and brings this action in his individual capacity.

564.    Plaintiff Charles Mamou purchased Just For Men® in or about December 2015. Plaintiff Charles Mamou applied Just For Men® as directed in or about January 2016. In or about January 2016, Plaintiff Charles Mamou suffered a severe reaction to Just For Men® including but not limited to redness, irritation, swelling, oozing, weeping, sores, blisters, burning, and permanent skin discoloration and scarring.

565.     Plaintiff, Brian England, is and was at all times alleged herein a citizen of the State of Ohio and currently resides at 10712 Toulon Dr., Cincinnati, OH 45240 and brings this action in his individual capacity.

566.     Plaintiff Brian England purchased Just For Men® in or about October 2015. Plaintiff Brian England applied Just For Men® as directed in or about October 2015. In or about October 2015, Plaintiff Brian England suffered a severe reaction to Just For Men® including but not limited to redness, irritation, swelling, oozing, weeping, sores, blisters, burning, contact dermatitis, and vitiligo. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

567.     Plaintiff, Juan Zarate, is and was at all times alleged herein a citizen of the State of Texas and currently resides at P.O. Box 341, Rio Grande City, TX 78582 and brings this action in his individual capacity.

568.     Plaintiff Juan Zarate purchased Just For Men® in or about October 2015. Plaintiff Juan Zarate applied Just For Men® as directed in or about October 2015. In or about October 2015, Plaintiff Juan Zarate suffered a severe reaction to Just For Men® including but not limited to redness, irritation, rashes, blisters, burning, and permanent skin discoloration.

569.     Plaintiff, Tony Cobbs, is and was at all times alleged herein a citizen of the State of Virginia and currently resides at 166 Gardner St., Danville, VA 24540 and brings this action in his individual capacity.

570.     Plaintiff Tony Cobbs purchased Just For Men® in or about December 2015. Plaintiff Tony Cobbs applied Just For Men® as directed in or about December 2015. In or about December 2015, Plaintiff Tony Cobbs suffered a severe reaction to Just For Men® including but not limited to redness, irritation, swelling, oozing, weeping, sores, blisters, burning, and

permanent skin discoloration and scarring. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

571.    Plaintiff, Charles Averett, is and was at all times alleged herein a citizen of the State of Ohio and currently resides at 4034 Indian Runn Dr., Apt. G, Dayton, OH  45415 and brings this action in his individual capacity.

572.    Plaintiff Charles Averett purchased Just For Men® in or about December 2015. Plaintiff Charles Averett applied Just For Men® as directed in or about December 2015. In or about December 2015, Plaintiff Charles Averett suffered a severe reaction to Just For Men® including but not limited to redness, swelling, irritation, oozing, weeping, sores, blisters, burning, and permanent skin discoloration and scarring.

573.    Plaintiff, Kerell Ivey, is and was at all times alleged herein a citizen of the State of Georgia and currently resides at 805 C. St., Thomson, GA  30824 and brings this action in his individual capacity.

574.    Plaintiff Kerell Ivey purchased Just For Men® in or about October 2015. Plaintiff Kerell Ivey applied Just For Men® as directed in or about October 2015. In or about October 2015, Plaintiff Kerell Ivey suffered a severe reaction to Just For Men® including but not limited to redness, irritation, blisters, chemical burning, and permanent skin discoloration.

575.    Plaintiff, Roger Walker, is and was at all times alleged herein a citizen of the State of Alaska and currently resides at 1205 Hollywood Dr., Apt 599, Anchorage, AK  99501 and brings this action in his individual capacity.

576.    Plaintiff Roger Walker purchased Just For Men® in or about October 2015. Plaintiff Roger Walker applied Just For Men® as directed in or about October 2015. In or about October 2015, Plaintiff Roger Walker suffered a severe reaction to Just For Men® including but not limited to redness, irritation, blisters, chemical burning, and permanent skin discoloration.

577.    Plaintiff, Kevin Gorham, is and was at all times alleged herein a citizen of the State of Georgia and currently resides at 1453 Windfield Glen, Stone Mountain, GA 30088 and brings this action in his individual capacity.

578.    Plaintiff Kevin Gorham purchased Just For Men® in or about October 2015. Plaintiff Kevin Gorham applied Just For Men® as directed in or about October 2015. In or about October 2015, Plaintiff Kevin Gorham suffered a severe reaction to Just For Men® including but not limited to irritation, swelling, oozing, weeping, sores, blisters, and burning. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

579.    Plaintiff, Mack Henderson, is and was at all times alleged herein a citizen of the State of Georgia and currently resides at 201 Lerkfield Ct., Hampton, GA 30228 and brings this action in his individual capacity.

580.    Plaintiff Mack Henderson purchased Just For Men® in or about October 2015. Plaintiff Mack Henderson applied Just For Men® as directed in or about October 2015. In or about October 2015, Plaintiff Mack Henderson suffered a severe reaction to Just For Men® including but not limited to irritation, swelling, oozing, weeping, sores, blisters, burning, and permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

581.    Plaintiff, Stanford Miller, is and was at all times alleged herein a citizen of the State of Oklahoma and currently resides at 867 E. 52nd Place N., Tulsa, OK 74126 and brings this action in his individual capacity.

582.    Plaintiff Stanford Miller purchased Just For Men® in or about October 2015. Plaintiff Stanford Miller applied Just For Men® as directed in or about October 2015. In or about October 2015, Plaintiff Stanford Miller suffered a severe reaction to Just For Men® including but

not limited to redness, irritation, oozing, weeping, sores, blisters, burning, and permanent skin discoloration.

583.    Plaintiff, Ralph Dorton, is and was at all times alleged herein a citizen of the State of Hawaii and currently resides at P.O. Box 822, 162068 Pukalani St., Pahoa, HI  96778 and brings this action in his individual capacity.

584.    Plaintiff Ralph Dorton purchased Just For Men® in or about October 2015. Plaintiff Ralph Dorton applied Just For Men® as directed in or about October 2015. In or about October 2015, Plaintiff Ralph Dorton suffered a severe reaction to Just For Men® including but not limited to redness, irritation, swelling, stinging, oozing, weeping, sores, blisters, burning, and permanent scarring.

585.    Plaintiff, Andrew Ford, is and was at all times alleged herein a citizen of the State of Wisconsin and currently resides at 5890 W. Glenbrook Rd., Milwaukee, WI  53223 and brings this action in his individual capacity.

586.    Plaintiff Andrew Ford purchased Just For Men® in or about October 2014. Plaintiff Andrew Ford applied Just For Men® as directed in or about October 2014. In or about October 2014, Plaintiff Andrew Ford suffered a severe reaction to Just For Men® including but not limited to redness, irritation, swelling, oozing, weeping, sores, blisters, burning, and permanent skin discoloration and scarring. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

587.    Plaintiff, Gary Potter, is and was at all times alleged herein a citizen of the State of Alabama and currently resides at 804 William Ave., Apt. 1, Dothan, AL  36303 and brings this action in his individual capacity.

588.    Plaintiff Gary Potter purchased Just For Men® in or about October 2015. Plaintiff Gary Potter applied Just For Men® as directed in or about October 2015. In or about October

2015, Plaintiff Gary Potter suffered a severe reaction to Just For Men® including but not limited to redness, irritation, swelling, stinging, burning, and permanent skin discoloration and scarring.

589.    Plaintiff, Billie Hayes, is and was at all times alleged herein a citizen of the State of Ohio and currently resides at 1102 Hanover St., Apt. 1, Hamilton, OH 45011 and brings this action in his individual capacity.

590.    Plaintiff Billie Hayes purchased Just For Men® in or about October 2015. Plaintiff Billie Hayes applied Just For Men® as directed in or about October 2015. In or about October 2015, Plaintiff Billie Hayes suffered a severe reaction to Just For Men® including but not limited to redness, irritation, swelling, oozing, weeping, sores, blisters, and burning. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

591.    Plaintiff, Michael Johnson, is and was at all times alleged herein a citizen of the State of Colorado and currently resides at 2619 San Marcos Dr., Colorado Springs, CO 80910 and brings this action in his individual capacity.

592.    Plaintiff Michael Johnson purchased Just For Men® in or about October 2015. Plaintiff Michael Johnson applied Just For Men® as directed in or about October 2015. In or about October 2015, Plaintiff Michael Johnson suffered a severe reaction to Just For Men® including but not limited to redness, irritation, swelling, sores, blisters, burning, and permanent skin discoloration.

593.    Plaintiff, Marcus Linwood, is and was at all times alleged herein a citizen of the State of California and currently resides at 101 W. Lincoln St., Banning, CA 92220 and brings this action in his individual capacity.

594.    Plaintiff Marcus Linwood purchased Just For Men® in or about October 2015. Plaintiff Marcus Linwood applied Just For Men® as directed in or about October 2015. In or about October 2015, Plaintiff Marcus Linwood suffered a severe reaction to Just For Men®

including but not limited to redness, irritation, swelling, oozing, weeping, sores, blisters, and burning. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

595.    Plaintiff, John Spry, is and was at all times alleged herein a citizen of the State of Georgia and currently resides at 166 Peartree Dr., Richmond Hill, GA 31324 and brings this action in his individual capacity.

596.    Plaintiff John Spry purchased Just For Men® in or about October 2015. Plaintiff John Spry applied Just For Men® as directed in or about October 2015. In or about October 2015, Plaintiff John Spry suffered a severe reaction to Just For Men® including but not limited to redness, irritation, swelling, oozing, weeping, sores, blisters, and burning.

597.    Plaintiff, Tony Gould, is and was at all times alleged herein a citizen of the State of Texas and currently resides at 1006 Frances St., Burkburnett, TX 76354 and brings this action in his individual capacity.

598.    Plaintiff Tony Gould purchased Just For Men® in or about October 2015. Plaintiff Tony Gould applied Just For Men® as directed in or about October 2015. In or about October 2015, Plaintiff Tony Gould suffered a severe reaction to Just For Men® including but not limited to redness, irritation, swelling, oozing, weeping, sores, blisters, burning, and permanent skin discoloration and scarring. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

599.    Plaintiff, Tracy Jones, is and was at all times alleged herein a citizen of the State of Arkansas and currently resides at 10751 Locust Mountain Rd., Mountainburg, AR 72946 and brings this action in his individual capacity.

600.    Plaintiff Tracy Jones purchased Just For Men® in or about October 2015. Plaintiff Tracy Jones applied Just For Men® as directed in or about October 2015. In or about October

2015, Plaintiff Tracy Jones suffered a severe reaction to Just For Men® including but not limited to redness, irritation, swelling, oozing, weeping, sores, blisters, burning, and permanent skin discoloration and scarring. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

601.    Plaintiff, Ezra Mitchell, is and was at all times alleged herein a citizen of the State of Illinois and currently resides at 2601 W. Reservoir, Apt. 1105, Peoria, Illinois 61605 and brings this action in his individual capacity.

602.    Plaintiff Ezra Mitchell purchased Just For Men® in or about December 2015. Plaintiff Ezra Mitchell applied Just For Men® as directed in or about December 2015. In or about December 2015, Plaintiff Ezra Mitchell suffered a severe reaction to Just For Men® including but not limited to swelling, oozing sores, burning, redness, irritation, and skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

603.    Plaintiff, Peter Morning, is and was at all times alleged herein a citizen of the State of Arizona and currently resides at 9137 W. Kirby Ave., Tolleson, Arizona 85353 and brings this action in his individual capacity.

604.    Plaintiff Peter Morning purchased Just For Men® in or about January 2015. Plaintiff Peter Morning applied Just For Men® as directed in or about January 2015. In or about January 2015, Plaintiff Peter Morning suffered a severe reaction to Just For Men® including but not limited to stinging, rash, burning, sores, redness, infection, permanent scarring and skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

605.    As alleged herein, as a direct and proximate result of Defendants' negligence and wrongful conduct, and the unreasonably dangerous and defective characteristics of Just For Men®, Plaintiffs have suffered severe physical injuries. Plaintiffs have endured substantial pain,

suffering and embarrassment. Plaintiffs have incurred significant expenses for medical care and treatment, and will continue to incur such expenses in the future. Plaintiffs have individually suffered, and will continue to suffer economic loss, and have otherwise been physically, emotionally and economically injured. Plaintiffs' injuries and damages are permanent and will continue into the future. Plaintiffs seek damages from Defendants as alleged herein.

**FIRST CAUSE OF ACTION**
**STRICT PRODUCTS LIABILITY DEFECTIVE MANUFACTURING**

606.   Plaintiffs incorporate by reference each and every paragraph of this Complaint as if fully set forth herein and further alleges as follows:

607.   The Just For Men® manufactured, designed, sold, distributed, supplied and/or placed in the stream of commerce by Defendants, was defective in its manufacture and construction when it left the hands of Defendants in that it deviated from product specifications posing a serious risk of injury.

608.   As a direct and proximate result of Plaintiffs' use of Just For Men® as manufactured, designed, sold, supplied and introduced into the stream of commerce by Defendants, Plaintiffs suffered harm, damages and economic loss and will continue to suffer such harm.

609.   Upon information and belief, one or more "lots" and/or "batches" of Just For Men® were defective in its manufacture and construction when it left the hands of Defendants in that it deviated from product specifications posing a serious risk of injury.

610.   Upon information and belief, one or more Plaintiffs purchased and was injured by one or more of the "lots" and/or "batches" of Just For Men® that was defectively manufactured by Defendants.

611.   Additional information concerning any defective manufacture is in the exclusive custody and control of the Defendants.

612.   As a direct and proximate result of the foregoing, Plaintiffs are entitled to damages pursuant to the common law and applicable state statutes. Further, Defendants' actions and omissions as identified in this Complaint constitute a flagrant disregard for human life.

WHEREFORE, Plaintiffs demand judgment in their favor and against Defendants in a sum in excess of the jurisdictional requirement of this court; for costs herein incurred; and for such other and further relief as this Court deems just and proper.

## SECOND CAUSE OF ACTION
## STRICT PRODUCTS LIABILITY DESIGN DEFECT

613.   Plaintiffs incorporate by reference each and every paragraph of this Complaint as if fully set forth herein and further alleges as follows:

614.   Defendants are the manufacturers, designers, distributors, sellers, and/or suppliers of hair care products and hair dyes including Just For Men®.

615.   The Just For Men® manufactured and supplied by Defendants was defective in design or formulation in that, when it left the hands of the Defendants, the foreseeable risks of the product exceeded the benefits associated with its design or formulation, or it was more dangerous than an ordinary consumer would expect.

616.   The Just For Men® that Plaintiffs used had not been materially altered or modified prior to their use.

617.   The foreseeable risks associated with the design or formulation of Just For Men®, include, but are not limited to, the fact that the design or formulation of Just For Men® is more dangerous than a reasonably prudent consumer would expect when used in an intended or reasonably foreseeable manner.

618.   Just For Men® is also defectively designed because it contains the unreasonably dangerous ingredient PPD, though there are reasonably safer, and effective alternatives to hair dye that do not contain PPD.

619.    Just For Men® is also defectively designed because it causes an unreasonably high rate of adverse dermatological and other reactions in the general populace and to darker skinned populations, specifically, including African-Americans.

620.    Just For Men® is also defectively designed because the patch test selected by Defendants, and the method by which Defendants have chosen to instruct users to conduct the patch test, is unreasonable, unsafe, unreliable, and ineffective,

621.    Just For Men® is also defectively designed because the patch test, and the method by which Defendants have chosen to instruct users to conduct it, imposes unreasonable and unrealistic standards on users, greatly limiting the effectiveness of the tests, if any. These problems include but are not limited to, the unreasonable instruction to leave the tested area of skin uncovered and undisturbed, when the risk of contamination is unreasonably high.

622.    Just For Men® is also defectively designed because its cautions and/or warnings are inadequate, as set forth in the Complaint, for the following reasons, among others:

   a.    Just For Men® products fail to warn of the rates of adverse reaction among the general population and among certain population groups, such as African Americans;

   b.    Defendants minimize and downplay those risks associated with Just For Men® hair dye that they chose to disclose;

   c.    Just For Men® products fail to advise its users of the benefits of undergoing a patch test conducted by a medical professional;

   d.    Just For Men® products fail to display and advise of the product's risks, proper use, or need to conduct a patch test in an effective and reasonable manner;

   e.    Just For Men® products fail to provide adequate or reasonable instructions as

to the use of the patch test included with the product; and

    f.   Just For Men® products fail to advise users that the patch test, as Defendants have chosen to instruct users to conduct it, of problems with reliability, sensitization, and effectiveness, among others problems.

623.   As a direct and proximate result of Plaintiffs' use of Just For Men® as manufactured, designed, sold, supplied, marketed and introduced into the stream of commerce by Defendants, Plaintiffs individually suffered harm, damages and economic loss and will continue to suffer such harm, damages and economic loss in the future.

624.   As a direct and proximate result of the foregoing, Plaintiffs are individually entitled to damages pursuant to the common law and applicable state statutes. Further, Defendants' actions and omissions as identified in this Complaint constitute a flagrant disregard for human life.

WHEREFORE, Plaintiffs demand judgment in their favor and against Defendants in a sum in excess of the jurisdictional requirement of this court; for costs herein incurred; and for such other and further relief as this Court deems just and proper.

### THIRD CAUSE OF ACTION
### STRICT PRODUCTS LIABILTY – DEFECT DUE TO INADEQUATE WARNING

625.   Plaintiffs incorporate by reference each and every paragraph of this Complaint as if fully set forth herein and further alleges as follows:

626.   The Just For Men® manufactured and supplied by Defendants was defective due to inadequate warning or instruction because Defendants knew or should have known that the product created significant risks of serious bodily harm to consumers and they failed to adequately warn consumers and/or their health care providers of such risks as follows:

    a.  Defendants knew or, in the exercise of reasonable care, should have known that hair care products and dyes such as Just For Men® that are marketed to be used

repeatedly as a cosmetic hair product present a risk of severe reactions and permanent scarring and other adverse reactions in large numbers;

b. Defendants failed to provide the warning or instruction that a manufacturer exercising reasonable care would have provided concerning the risk of injuries from use and repeated use of Just For Men®, in light of the likelihood that the product would cause the harm claimed by Plaintiffs and in light of the likely seriousness of that harm.

627. Defendants, as manufacturers of Just For Men®, are held to the level of knowledge of an expert in the field of that type of hair care product, and had a duty to warn its consumers of the dangers associated with Just For Men® and failed to do so.

628. Defendants failed to reasonably or adequately warn users of this risks of Just For Men® for the following reasons, among others:

a. Just For Men® products fail to warn of the rates of adverse reaction among the general population and among certain population groups, such as African Americans;

b. Defendants minimize and downplay those risks associated with Just For Men® hair dye that they chose to disclose;

c. Just For Men® products fail to advise its users of the benefits of undergoing a patch test conducted by a medical professional;

d. Just For Men® products fail to display and advise of the product's risks, proper use, or need to conduct a patch test in an effective and reasonable manner;

e. Just For Men® products fail to provide adequate or reasonable instructions as to the use of the patch test included with the product; and

112

      f.   Just For Men® products fail to advise users that the patch test, as Defendants have chosen to instruct users to conduct it, of problems with reliability, sensitization, and effectiveness, among others problems.

629.   The Just For Men® manufactured and supplied by Defendants was defective due to inadequate post-marketing warning or instruction because, after Defendants knew or should have known of the risk of serious bodily harm, as set forth herein, from the use of Just For Men®, Defendants failed to provide an adequate warning to consumers of the product, knowing the product could cause serious injury as set forth herein.

630.   Plaintiffs read and followed the deficient instructions and directions that were provided with Defendants Just For Men® products. As a direct and proximate result of Plaintiffs' use of Just For Men® as manufactured, designed, sold, supplied, marketed and introduced into the stream of commerce by Defendants, Plaintiffs individually suffered harm, damages and economic loss and will continue to suffer such harm, damages and economic loss in the future.

631.   As a direct and proximate result of the foregoing, Plaintiffs are entitled to damages pursuant to the common law and applicable state statutes. Further, Defendants' actions and omissions as identified in this Complaint constitute a flagrant disregard for human life.

WHEREFORE, Plaintiffs demand judgment in their favor and against Defendants in a sum in excess of the jurisdictional requirement of this court; for costs herein incurred; and for such other and further relief as this Court deems just and proper.

## FOURTH CAUSE OF ACTION
## STRICT PRODUCTS LIABILTY DUE TO NON CONFORMANCE WITH REPRESENTATIONS

632.   Plaintiffs incorporate by reference each and every paragraph of this Complaint as if fully set forth herein and further alleges as follows:

633.    As set forth in this Complaint, Defendants made multiple material representations concerning the safety and effectiveness of Just for Men® hair dye, and minimized and downplayed those risks they chose to disclose

634.    The Just For Men® manufactured and supplied by Defendants was defective in that, when it left the hands of Defendants, it did not conform to representations made by Defendants concerning the product.

635.    These material misrepresentations made by Defendants are false as evidenced by the extreme number of adverse reactions to their Just For Men® products by consumers including but not limited to Plaintiffs.

636.    As a direct and proximate result of Plaintiffs' use of the Just For Men® and their reliance on Defendants' representations regarding the safety of Just For Men®, Plaintiffs individually suffered harm, damages and economic loss and will continue to suffer such harm, damages and economic loss in the future.

637.    As a direct and proximate result of the foregoing, Plaintiffs are individually entitled to damages pursuant to the common law and applicable state statutes. Further, Defendants' actions and omissions as identified in this Complaint constitute a flagrant disregard for human life.

WHEREFORE, Plaintiffs demand judgment in their favor and against Defendants in a sum in excess of the jurisdictional requirement of this court; for costs herein incurred; and for such other and further relief as this Court deems just and proper.

### FIFTH CAUSE OF ACTION
### NEGLIGENCE

638.    Plaintiffs incorporate by reference each and every paragraph of this Complaint as if fully set forth herein and further alleges as follows:

639.    Defendants had a duty to exercise reasonable care in the design, manufacture,

testing, marketing and distribution into the stream of commerce of Just For Men®, including a duty to insure that Just For Men® did not pose a significantly increased risk of injury to Plaintiffs and other consumers.

640.   Defendants failed to exercise reasonable care in the design, manufacture, testing, marketing and distribution into the stream of commerce of Just For Men®. Defendants knew or should have known that hair dye that is marketed to be used on a regular basis to improve cosmetic appearance presents a risk of severe injuries, including burns, weeping, sores, oozing, scarring and other permanent skin reactions therefore giving rise to pain and suffering, debilitation, and the need for medical treatment including possible surgery and further complications, and therefore was not safe for use by Plaintiffs or other consumers.

641.   Defendants failed to exercise reasonable care in the manner and method by which it warned users of the risks associated with use of Just For Men ®, for the reasons set forth in this Complaint.

642.   Defendants failed to exercise reasonable care in the patch test it chose to include with this product, and further failed to exercise reasonable care in the instructions as to how to conduct the patch test, all as set forth elsewhere in the Complaint.

643.   Despite the fact that Defendants knew or should have known that Just For Men® could cause severe reactions in consumers and therefore giving rise to pain and suffering, debilitation, and the need for medical treatment including possible surgery and further complications, Defendants continued to market Just For Men® as a safe and effective hair dye

644.   Despite the fact that Defendants knew or should have known that Just For Men® could cause severe reactions in consumers and therefore giving rise to pain and suffering, debilitation, and the need for medical treatment including possible surgery and further complications, Defendants failed to use ordinary care in warning Plaintiffs and other

consumers of this risk.

645.     As a direct and proximate result of Defendants' negligence, Plaintiffs have suffered significant damages, including but not limited to physical injury, pain and suffering and further treatment and will continue to suffer such damages in the future.

646.     In taking the actions and omissions that caused these damages, Defendants were guilty of malice, oppression and fraud.

WHEREFORE, Plaintiffs demand judgment in their favor and against Defendants in a sum in excess of the jurisdictional requirement of this court; for costs herein incurred; and for such other and further relief as this Court deems just and proper.

## SIXTH CAUSE OF ACTION
## BREACH OF EXPRESS WARRANTY

647.     Plaintiffs incorporate by reference each and every paragraph of this Complaint as if fully set forth herein and further alleges as follows:

648.     Defendants expressly warranted that Just For Men® was a safe and effective hair dye.

649.     Defendants expressly warrant that their product is safe and effective and that Just for Men® products "are backed by over three decades of research and have delivered great results over 50 million times."

650.     The Just For Men® manufactured and sold by Defendants did not conform to these express representations because it caused serious injury to each individual Plaintiff when used as recommended and directed.

651.     As a direct and proximate result of Defendants' breach of warranty, Plaintiffs have suffered harm, damages and economic loss and will continue to suffer such harm, damages and economic loss in the future.

WHEREFORE, Plaintiffs demand judgment in their favor and against Defendants in a sum in excess of the jurisdictional requirement of this court; for costs herein incurred; and for such other and further relief as this Court deems just and proper.

## SEVENTH CAUSE OF ACTION
## BREACH OF IMPLIED WARRANTY

652.  Plaintiffs incorporate by reference each and every paragraph of this Complaint as if fully set forth herein and further alleges as follows:

653.  At the time Defendants designed, manufactured, marketed, sold, and distributed Just For Men® for use by Plaintiffs, Defendants knew of the use Just For Men® was intended for and impliedly warranted the product to be of merchantable quality and safe for such use and that its design, manufacture, labeling and marketing were sufficient.

654.  Plaintiffs each individually and reasonably relied upon the skill and judgment of Defendants as to whether Just For Men® was of merchantable quality and safe for its intended use and upon Defendants' implied warranty as to such matters.

655.  Contrary to such implied warranty, the Just For Men® was not of merchantable quality or safe for its intended use, because the product was unreasonably dangerous and defective as described above.

656.  As a direct and proximate result of Defendants' breach of warranty, Plaintiffs have individually suffered harm, damages and economic loss and will continue to suffer such harm, damages and economic loss in the future.

WHEREFORE, Plaintiffs demand judgment in their favor and against Defendants in a sum in excess of the jurisdictional requirement of this court; for costs herein incurred; and for such other and further relief as this Court deems just and proper.

## EIGHTH CAUSE OF ACTION
## NEGLIGENT REPRESENTATION AND FRAUD

657.  Plaintiffs incorporate by reference each and every paragraph of this Complaint as

if fully set forth herein and further alleges as follows:

658.   As set forth in this Complaint, Defendants made multiple material representations concerning the safety and effectiveness of Just for Men ® hair dye, and minimized and downplayed those risks they chose to disclose.

659.   These material misrepresentations made by Defendants are false as evidenced by the extreme number of adverse reactions to their Just For Men® products by consumers including but not limited to Plaintiffs.

660.   When Defendants made these material representations, they knew that they were false, and Defendants made the material representations recklessly without any knowledge of their truth and a positive assertion.

661.   Defendants had actual knowledge based upon studies, published reports and clinical experience that its product, Just For Men® created an unreasonable risk of serious bodily injury yet Defendants negligently misrepresented to Plaintiffs that its hair dyes were safe and met all applicable design and manufacturing requirements.

662.   Defendants made these false, material representations with the intention of inducing buyers, including Plaintiffs, to act by purchasing the Just For Men® by appealing to the buyers' desire to improve their appearance.

663.   Each individual Plaintiff acted in justifiable reliance on these material representations made by the Defendants in that he purchased Just For Men® specifically under the belief that they would provide the claimed cosmetic benefits if used in the manner directed by the labeling.

664.   As a direct and proximate result of Defendants' fraudulent and/or negligent actions and omissions, Plaintiffs used Just For Men® and suffered harm, damages and economic loss and will continue to suffer such harm, damages and economic loss in the future.

665.    Defendants' actions and omissions as identified in this Complaint demonstrate a flagrant disregard for human life.

WHEREFORE, Plaintiffs demand judgment in their favor and against Defendants in a sum in excess of the jurisdictional requirement of this court; for costs herein incurred; and for such other and further relief as this Court deems just and proper.

## PRESERVATION CLAIMS

666.    Plaintiffs hereby incorporate by reference all allegations contained in the preceding paragraphs, as though fully set forth herein.

667.    Many States have recently enacted tort reform statutes with "exclusive remedy" provisions. Courts have yet in full to determine whether these exclusive remedy provisions eliminate or supersede state common law claims and to what extent. If during the pendency of this action this court makes any such determination, Plaintiffs hereby specifically make claim to and preserves any State claim based upon any exclusive remedy provision, under any state law this court may apply, to the extent not already alleged above.

668.    To the extent that Defendants may claim that one or more of Plaintiffs' claims are barred by the applicable statute of limitations, Plaintiffs assert that the statute of limitations is and has been tolled by, inter alia, Plaintiffs' discovery that their injuries were caused by Defendants' defective product and failure to properly and adequately warn of the products' risks, all as more fully set forth in this Complaint, after the injury sustained by Plaintiffs.

## JURY DEMAND

Plaintiffs demand trial by jury on all of the triable issues with this Complaint.

Respectfully submitted,

Roger C. Denton, Esq. (#06182610)
Kristine K. Kraft, Esq. (#6208286)
**SCHLICHTER, BOGARD & DENTON, LLP**
100 South 4th Street, Suite 1200
Saint Louis, MO 63102
314-621-6115
314-621-7151 (fax)
rdenton@uselaws.com
kkraft@uselaws.com

/s/ Richard W. Schulte (*pro hac to be applied for*)
Richard W. Schulte (Ohio Bar #0066031)
WRIGHT & SCHULTE, LLC
865 S. Dixie Dr.
Vandalia, Ohio 45377
Tel: (937) 435-7500
Fax: (937) 435-7511
rschulte@yourlegalhelp.com

*Attorneys for Plaintiffs*

**IN THE CIRCUIT COURT**
**OF THE TWENTIETH JUDICIAL CIRCUIT**
**ST. CLAIR COUNTY, ILLINOIS**

| | |
|---|---|
| Derek Carpenter, *et al.*, | ) |
| | ) |
| *Plaintiffs,* | ) |
| | ) |
| vs. | ) Case No. 16L301 |
| | ) |
| COMBE INCORPORATED; COMBE | ) Division No. _____ |
| PRODUCTS, INC.; COMBE | ) |
| LABORATORIES, INC.; and COMBE | ) |
| INTERNATIONAL LTD., | ) |
| | ) |
| *Defendants.* | ) |

> **FILED**
> ST. CLAIR COUNTY
> JUN **0 9** 2016
> *Nahdeh a. Clu*
> 32    CIRCUIT CLERK

### AFFIDAVIT OF ATTORNEY

I, Kristine K. Kraft, on oath state that I am an attorney of record for Plaintiffs and that Plaintiffs' demand for damages in this case exceeds the sum of Fifty Thousand Dollars ($50,000.00).

_____
Kristine K. Kraft, Esq. (#6208286)

| | |
|---|---|
| STATE OF MISSOURI | ) |
| | ) |
| ST. LOUIS CITY | ) |

Subscribed and sworn to before me this __7th__ day of June, 2016.

> ELIZABETH M. CARROLL
> Notary Public - Notary Seal
> State of Missouri
> Commissioned for St. Louis City
> My Commission Expires: November 04, 2016
> Commission Number: 12508101

_____
NOTARY PUBLIC

My Commission Expires: __11/4/2016__

# CIRCUIT COURT FOR THE 20TH JUDICIAL CIRCUIT

State of Illinois          )
County of St. Clair        )  S.S.

Case Number **16L30**

Amount Claimed ___In excess of $50,000.00___

| | |
|---|---|
| DEREK CARPENTER, ET AL. | COMBE INCORPORATED;<br><br>COMBE PRODUCTS, INC.;<br><br>COMBE LABORATORIES, INC. AND<br><br>**VS**<br><br>COMBE INTERNATIONAL LTD. |
| **Plaintiff(s)** | **Defendant(s)** |

Classification Prefix _____L_____   Code ___01___   Nature of Action _Product Liability_   Code _13_

**TO THE SHERIFF: SERVE THIS DEFENDANT AT:**

Pltf. Atty. Roger C. Denton          Code O6182610  NAME Combe Incorporated
Address 100 S. 4th Street, Suite 1200
City  St. Louis, MO  63102          Phone 314-621-6115   The Corporation Trust Company
Add. Pltf. Atty. Kristine K. Kraft   Code6208286 ADDRESS Corporation Trust Center

## SUMMONS COPY

1209 Orange Street

To the above named defendant(s)......:          CITY & STATE Wilmington, DE  19801

☐ **A.** You are hereby summoned and required to appear before this court at
(court location) _____ at _____ M. On _____ 20___
to answer the complaint in this case, a copy of which is hereto attached. If you fail to do so, a judgment by default may be taken against you for the relief asked in the complaint.

☑ **B.** You are summoned and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, in the office of the clerk of this court within 30 days after service of this summons, exclusive of the day of service. If you fail to do so, judgment of decree by default may be taken against you for the relief prayed in the complaint.

TO THE OFFICER:
This summons must be returned by the officer or other person to whom it was given for service, with indorsement thereon of service and fees if any, immediately after service. In the event that paragraph A of this summons is applicable this summons may not be served less than three days before the day of appearance. If service cannot be made, this summons shall be returned so indorsed.

This summons may not be served later than 30 days after its date.

WITNESS,                                        ___6.9.___ 20_16_

**SEAL**                                         Clerk of Court

BY DEPUTY

DATE OF SERVICE: _____ 20___
(To be inserted by officer on copy left with defendant or other person)

I certify that I served this summons on defendants as follows:

(a) – (Individual defendants – personal):
   By leaving a copy of the summons and a copy of the complaint with each individual defendant personally as follows:

| Name of defendant | Date of service |
|---|---|
| | |
| | |
| | |
| | |

(b) - (Individual defendants - abode):
   By leaving a copy of the summons and a copy of the complaint at the usual place of abode of each individual defendant with a person of his family, of the age of 13 years or upwards, informing that person of the contents of the summons, and also by sending a copy of the summons and of the complaint in a sealed envelope with postage fully prepaid, addressed to each individual defendant at his usual place of abode, as follows:

| Name of defendant | Person with whom left | Date of service | Date of mailing |
|---|---|---|---|
| | | | |
| | | | |

(c) - Corporation defendants):
   By leaving a copy of the summons and a copy of the complaint with the registered agent office, or agent of each defendant corporation as follows:

| Defendant corporation | Registered agent, officer or agent | Date of service |
|---|---|---|
| | | |
| | | |

(d) - (Other service):

| SHERIFF'S FEES | |
|---|---|
| Service and return _____ $ | |
| Miles _____ . . . . . . . . . . .$_____ | |
| Total . . . . . . . . . . . . . . . . . . . .$_____ | |
| | |
| Sheriff of _____ County | |

_____, Sheriff of _____County

_____, Deputy

## CIRCUIT COURT FOR THE 20TH JUDICIAL CIRCUIT

State of Illinois            )
County of St. Clair         )  S.S.

Case Number _l2l301_

Amount Claimed __In excess of $50,000.00__

DEREK CARPENTER, ET AL.

**VS**

COMBE INCORPORATED;

COMBE PRODUCTS, INC.;

COMBE LABORATORIES, INC. AND

COMBE INTERNATIONAL LTD.

**Plaintiff(s)**                                    **Defendant(s)**

Classification Prefix ____L____ Code __01__ Nature of Action __Product Liability__ Code __13__

Pltf. Atty. Roger C. Denton _____ Code_0dB2d0_
Address 100 S. 4th Street, Suite 1200
City St. Louis, MO 63102        Phone_314-621-6115_
Add. Pltf. Atty. Kristine K. Kraft __ Code_6208Z8d_

TO THE SHERIFF: SERVE THIS DEFENDANT AT:
NAME Combe International Ltd.

The Corporation Trust Company

ADDRESS Corporation Trust Center

### SUMMONS COPY

To the above named defendant(s)......:

1209 Orange Street
CITY & STATE Wilmington, DE 19801

☐ A.  You are hereby summoned and required to appear before this court at
(court location) _____ at _____ M. On _____ 20__
to answer the complaint in this case, a copy of which is hereto attached. If you fail to do so, a judgment by default may
be taken against you for the relief asked in the complaint.

☑ B.  You are summoned and required to file an answer to the complaint in this case, a copy of which is hereto
attached, or otherwise file your appearance, in the office of the clerk of this court within 30 days after service of this
summons, exclusive of the day of service. If you fail to do so, judgment of decree by default may be taken against you
for the relief prayed in the complaint.

TO THE OFFICER:
This summons must be returned by the officer or other person to whom it was given for service, with
indorsement thereon of service and fees if any, immediately after service. In the event that paragraph A of this
summons is applicable this summons may not be served less than three days before the day of appearance. If service
cannot be made, this summons shall be returned so indorsed.

This summons may not be served later than 30 days after its date.

WITNESS _____ 29 20_l0_

**SEAL**

Clerk of Court

BY DEPUTY _____

DATE OF SERVICE: _____ 20____
(To be inserted by officer on copy left with defendant
or other person)



I certify that I served this summons on defendants as follows:

**(a) – (Individual defendants – personal):**
By leaving a copy of the summons and a copy of the complaint with each individual defendant personally as follows:

| Name of defendant | Date of service |
|---|---|
| | |
| | |
| | |
| | |

**(b) - (Individual defendants - abode):**
By leaving a copy of the summons and a copy of the complaint at the usual place of abode of each individual defendant with a person of his family, of the age of 13 years or upwards, informing that person of the contents of the summons, and also by sending a copy of the summons and of the complaint in a sealed envelope with postage fully prepaid, addressed to each individual defendant at his usual place of abode, as follows:

| Name of defendant | Person with whom left | Date of service | Date of mailing |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

**(c) - Corporation defendants):**
By leaving a copy of the summons and a copy of the complaint with the registered agent office, or agent of each defendant corporation as follows:

| Defendant corporation | Registered agent, officer or agent | Date of service |
|---|---|---|
| | | |
| | | |
| | | |

**(d) - (Other service):**

| SHERIFF'S FEES | |
|---|---|
| Service and return | _____ $ |
| Miles _____ · · · · · · · · · · · $_____ | |
| Total · · · · · · · · · · · · · · · · · · · · · $_____ | |
| | |
| Sheriff of _____ County | |

_____, Sheriff of _____ County

_____, Deputy

# CIRCUIT COURT FOR THE 20TH JUDICIAL CIRCUIT

State of Illinois          )
                           )  S.S.
County of St. Clair        )

Case Number __Lbl201__

Amount Claimed  In excess of $50,000.00

| | |
|---|---|
| DEREK CARPENTER, ET AL. | COMBE INCORPORATED;<br><br>COMBE PRODUCTS, INC.;<br><br>COMBE LABORATORIES, INC. AND<br><br>**VS**<br><br>COMBE INTERNATIONAL LTD. |
| **Plaintiff(s)** | **Defendant(s)** |

Classification Prefix ____L____   Code ___01___   Nature of Action  Product Liability   Code __13__

**TO THE SHERIFF: SERVE THIS DEFENDANT AT:**

Pltf. Atty. Roger C. Denton     Code Cd82610   NAME Combe Laboratories, Inc.
Address 100 S. 4th Street, Suite 1200
City St. Louis, MO 63102          Phone 314-621-6115   C.T. Corporation System
Add. Pltf. Atty. Kristine Kraft     Code 0208286   ADDRESS 208 South LaSalle Street, Suite 814

## SUMMONS COPY

To the above named defendant(s)......:          CITY & STATE Chicago, IL 60604

☐ A.  You are hereby summoned and required to appear before this court at
(court location) _____ at _____ M. On _____ 20___
to answer the complaint in this case, a copy of which is hereto attached. If you fail to do so, a judgment by default may
be taken against you for the relief asked in the complaint.

☑ B.  You are summoned and required to file an answer to the complaint in this case, a copy of which is hereto
attached, or otherwise file your appearance, in the office of the clerk of this court within 30 days after service of this
summons, exclusive of the day of service. If you fail to do so, judgment of decree by default may be taken against you
for the relief prayed in the complaint.

TO THE OFFICER:
This summons must be returned by the officer or other person to whom it was given for service, with
indorsement thereon of service and fees if any, immediately after service. In the event that paragraph A of this
summons is applicable this summons may not be served less than three days before the day of appearance. If service
cannot be made, this summons shall be returned so indorsed.

This summons may not be served later than 30 days after its date.

WITNESS _____   __09__ 20 16

**SEAL**                                            Clerk of Court

BY DEPUTY _____

DATE OF SERVICE: _____ 20___
(To be inserted by officer on copy left with defendant
or other person)

I certify that I served this summons on defendants as follows:

(a)— (Individual defendants – personal):
By leaving a copy of the summons and a copy of the complaint with each individual defendant personally as follows:

Name of defendant                                          Date of service

_____          _____

_____          _____

_____          _____

_____          _____

(b) - (Individual defendants - abode):
By leaving a copy of the summons and a copy of the complaint at the usual place of abode of each individual defendant with a person of his family, of the age of 13 years or upwards, informing that person of the contents of the summons, and also by sending a copy of the summons and of the complaint in a sealed envelope with postage fully prepaid, addressed to each individual defendant at his usual place of abode, as follows:

| Name of defendant | Person with whom left | Date of service | Date of mailing |
|---|---|---|---|
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |

(c) - Corporation defendants):
By leaving a copy of the summons and a copy of the complaint with the registered agent office, or agent of each defendant corporation as follows:

| Defendant corporation | Registered agent, officer or agent | Date of service |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

(d) - (Other service):

| SHERIFF'S FEES |
|---|
| Service and return _____ $ |
| Miles _____ . . . . . . . . . . $_____ |
| Total . . . . . . . . . . . . . . . . . . . . . . $_____ |
| _____ |
| Sheriff of _____ County |

_____, Sheriff of _____ County

_____, Deputy

# CIRCUIT COURT FOR THE 20TH JUDICIAL CIRCUIT

State of Illinois )
County of St. Clair ) S.S.

Case Number 16L30

Amount Claimed In excess of $50,000.00

| | |
|---|---|
| DEREK CARPENTER, ET AL. | COMBE INCORPORATED;<br><br>COMBE PRODUCTS, INC.;<br><br>COMBE LABORATORIES, INC. AND<br><br>COMBE INTERNATIONAL LTD. |
| Plaintiff(s) | VS Defendant(s) |

Classification Prefix ___L___ Code __01__ Nature of Action Product Liability Code __13__

Pltf. Atty. Roger C. Denton Code 0182610
Address 100 S. 4th Street, Suite 1200
City St. Louis, MO 63102 Phone 314-621-6115
Add. Pltf. Atty. Kristine K. Kraft Code 6208286

## SUMMONS COPY

To the above named defendant(s)......:

TO THE SHERIFF: SERVE THIS DEFENDANT AT:
NAME Combe Products, Inc.
The Corporation Trust Company
ADDRESS Corporation Trust Center
1209 Orange Street
CITY & STATE Wilmington, DE 19801

☐ A. You are hereby summoned and required to appear before this court at
(court location) _____ at _____ M. On _____ 20___
to answer the complaint in this case, a copy of which is hereto attached. If you fail to do so, a judgment by default may be taken against you for the relief asked in the complaint.

☑ B. You are summoned and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, in the office of the clerk of this court within 30 days after service of this summons, exclusive of the day of service. If you fail to do so, judgment of decree by default may be taken against you for the relief prayed in the complaint.

TO THE OFFICER:
This summons must be returned by the officer or other person to whom it was given for service, with indorsement thereon of service and fees if any, immediately after service. In the event that paragraph A of this summons is applicable this summons may not be served less than three days before the day of appearance. If service cannot be made, this summons shall be returned so indorsed.

This summons may not be served later than 30 days after its date.

WITNESS, _____ 6 9 20 16

SEAL

Clerk of Court

BY DEPUTY _____

DATE OF SERVICE: _____ 20___
(To be inserted by officer on copy left with defendant or other person)

I certify that I served this summons on defendants as follows:

(a) – (Individual defendants – personal):
By leaving a copy of the summons and a copy of the complaint with each individual defendant personally as follows:

Name of defendant                                    Date of service

_____          _____

_____          _____

_____          _____

_____          _____

(b) - (Individual defendants - abode):
By leaving a copy of the summons and a copy of the complaint at the usual place of abode of each individual defendant with a person of his family, of the age of 13 years or upwards, informing that person of the contents of the summons, and also by sending a copy of the summons and of the complaint in a sealed envelope with postage fully prepaid, addressed to each individual defendant at his usual place of abode, as follows:

| Name of defendant | Person with whom left | Date of service | Date of mailing |
|---|---|---|---|
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |

(c) - Corporation defendants):
By leaving a copy of the summons and a copy of the complaint with the registered agent office, or agent of each defendant corporation as follows:

| Defendant corporation | Registered agent, officer or agent | Date of service |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

(d) - (Other service):

| SHERIFF'S FEES | |
|---|---|
| Service and return _____ $ | |
| Miles _____ . . . . . . . . . $_____ | |
| Total . . . . . . . . . . . . . . . . . . . . $_____ | |
| _____ | |
| Sheriff of _____ County | |

_____, Sheriff of _____County

_____, Deputy